NEW-YORK,  Monnell, *Treasurer of the Newburgh Turnpike Company,*
Nov. 1806.                     *against* Weller.

· Smith
v.
Sutts.                          Same *against* Ward.

In an action before a justice of the peace, the plaintiff was nonsuited; but the justice awarded no costs. On a certiorari, this court considered the judgment as incomplete, and refused to affirm or reverse it.

THESE causes came before the court, on writs of *certiorari* from a justice's court. The plaintiff below brought actions against the defendants, for penalties under the 12th section of the act for establishing a turnpike, &c. (Laws of New-York, vol. 2. p. 459.) for forcibly passing one of the gates of the turnpike, without paying toll.

The justice ruled, that the plaintiff should be confined in his proof to the particular day laid in the declaration, and he nonsuited the plaintiff, but awarded no costs. The question which now arose, was, whether a *certiorari* could be brought to set aside a nonsuit before a justice.

*Fisk*, for the plaintiff in error.

*Storey*, for defendant in error.

[ *9 ]       [*]Though the court refused to interfere with the judgment of nonsuit, it may be of use, in regard to the practice in such cases, to state their opinion.

*Per Curiam.* The returns to the *certioraris*, in these causes, show that the plaintiff below was nonsuited at the trial, but that no costs have been adjudged against him. The nonsuits were improperly granted, but this court cannot restore the party to the state he was in, when the non-suit took place; and thus it turns out, that the only object in prosecuting these *certioraris*, is to throw a bill of costs on the defendant. We think the judgment below incomplete, and incapable of reversal or affirmance, and therefore give no judgment.

A *certiorari* will lie to reverse a judgment of nonsuit when costs are awarded.