COALTER, for plaintiff.

MARTIN, for defendant in error.

---

WEBSTER and SMITH v. WYSER, et al.

1. A plea may be amended by leave of the Court, at any time before final trial, and after verdict and new trial granted.
2. A plea *puis darrien continuance*, may be amended, and the amended plea may be entitled as of the term when the original was filed.
3. If plaintiff accepts a writing, as an accord and satisfaction from a third person, with condition to dismiss his suit, it is a good bar.

WEBSTER and SMITH as copartners, declared in the Circuit Court of Tuscaloosa county, at September term, 1823, against Wyser, Colgin and M'Gehee, in assumpsit. The declaration contained two common counts for work and labor by the plaintiffs as bricklayers, and for materials furnished, &c. in building an academy. The defendants pleaded nonassumpsit and a special plea, alleging that they assumed only as *agents* for the proprietors of said academy, and not on their own account, which the plaintiffs knew, &c. General replication and issue joined.

At September term, 1824, the defendants filed a plea *puis darrien continuance*, alleging that since the last con-

tinuance, to wit, on a certain day, the trustees of said academy, (naming them,) had executed their deed, and delivered the same to the plaintiffs, obligating themselves to pay to the plaintiffs all the rents, issues and profits arising from the use and occupation of the academy, as fast as they might accrue, until the plaintiffs' demand should be satisfied, on condition that the plaintiffs would dismiss their suit. &c.; which writing the plaintiffs received in full satisfaction, &c. To this plea the plaintiffs replied generally ; issue was joined, and a trial had at the same term. Verdict for the plaintiffs for $128 90 ; and on motion of the defendants, a new trial was granted.

At March term, 1825, the defendants prayed for leave to amend their plea *puis darrien continuance*, which was granted, and they then offered an amended plea, entitled as of September term, 1824, as follows : "now at this term, to wit, &c. until which day the plea aforesaid was last continued, came the plaintiffs and defendants, &c. and defendants say that after the 2d day of March, 1824, when this cause was last continued, to the present term, to wit, on the 20th day of March, 1824, &c. R. L. Kennon, J. L. Tindall, J. Owen, M. Williams, and L. Powell, trustees of the Tuscaloosa academy, executed their agreement in writing, &c. as follows : ' Whereas, upon an examination of the accounts of J. J. Webster, by J. Wyser, W. R. Colgin, and W. M'Gehee, commissioners duly appointed by the stockholders of the Tuscaloosa academy, there appears to be a balance due said Webster of $152 60, for building said academy. Now be it known, that the undersigned, in order to make payment of said sum, and also in consideration of said Webster withdrawing, at his own individual costs, all legal proceedings which he may have instituted against said commissioners, (meaning said defendants,) and all right of hereafter sustaining any such suit against them as trustees of said academy, to pay over to said Webster all moneys that have or may hereafter accrue to them as trustees from rent, use or occupation of said academy, after deducting contingent expenses, and which they may collect, until said claim, (meaning the claim of said Webster for building said academy) is discharged.'" Averring that said writing was duly delivered to said Webster, who was then copartner of Smith, and that Webster as copartner of Smith, received said writing from said

24

*JANUARY 1827.*

Webster & Smith
v.
Wyser, et al.

JANUARY 1827.

Webster & Smith
v.
Wyser, et al.

trustees, in full satisfaction and discharge of the premises in declaration mentioned, and all damages and sums of money thereon accrued, &c. verification, &c. and duly sworn.

The plaintiffs resisted the motion for leave to amend the plea, and also moved to reject it, because it was a plea *puis darrien continuance*, and the defence accrued *anterior* to the *last continuance* of the cause ; and because there had been an issue and verdict on the original plea, and a new trial; which objections were by the Court overruled. The plaintiffs then moved the Court to require the defendants to entitle their amended plea as of the present term of the Court, instead of September term ; and also moved the Court to strike out the said amended plea for the several reasons aforesaid; which several motions and objections of the plaintiffs were by the Court overruled, as is shewn by a bill of exceptions taken by the plaintiffs and duly sealed.

The plaintiffs then filed to said amended plea a general demurrer.

The Court overruled the demurrer and gave judgement for the defendants.

The plaintiffs brought their writ of error to this Court, and assigned as causes for reversal that the Court below erred,

1. In overruling the demurrer to defendants plea.

2. In permitting the defendants to amend their plea.

3, 4, and 5. In receiving the amended plea in the form tendered, in refusing to require the defendants to entitle it properly, and in refusing to strike it out, &c. as shewn in the bill of exceptions.

COLLIER, for plaintiffs in error.

BARTON. and PICKENS, for defendants.

JUDGE CRENSHAW delivered the opinion of the Court.

In this case I am of opinion, that the demurrer to the plea *puis darrien continuance* was properly overruled; that the instrument of writing which the plea avers to have been accepted by the plaintiffs in satisfaction of the action, must conclude them. and that it virtually dismisses their action. The plea was clearly good and sufficient.

It was also regular to permit the defendants to amend their plea, which may be done at any time before trial. I think therefore, that the judgement below should be affirmed. In this opinion the Court are unanimous.

COLLIER, for the plaintiffs in error, prayed a rehearing for the following reasons:

There are two questions as to the amended plea: 1. Could the plea properly be amended? 2. Was the amended plea properly pleaded?

First. At common law, the power to amend pleadings was very limited. Judgements might be amended at the same term when rendered, because they were considered in *fieri* and not of such high solemnity, till the adjournment of the Court, when they became consummated. But Courts did not permit *pleadings* to be amended; the utmost nicety was required, and any omission, however small, was held fatal to the action or defence. We cannot look to adjudications on statutes in England or our sister States for an alteration of this law, unless their statutes of amendments are the same as ours.

This amendment was permitted after verdict, judgement and new trial, at the instance of defendants. We believe that under our statute, no amendment can properly be made after trial, except in the judgement. This is inferred from the statute itself. [a] This idea seems countenanced by the opinion delivered in this very cause. There appears to be no precedent decided on the English statute where an amendment was allowed after a new trial; the decisions seem opposed to this idea. [b] A new trial is said to be to try again an issue once tried before a jury, and this will appear plain when we consider that anciently the English Courts did not grant new trials, but the parties' remedy was by *writ of attaint* or suit in Chancery. On a *writ of attaint* the jury heard the same proof and tried the same issue the former jury did. [c] Courts in England afterwards, for good reasons, substituted the *new trial* for the *attaint*; from which view it results, as well as from considering the definition of the words "*new trial*," that it is only to retry the issue once tried.

The statutes of amendment do not extend to pleas *puis darrien continuance.* Those pleas are always received with great caution, and much strictness is required in drawing them. In this they are similar to pleas in abatement, which according to all authorities, are not within the statutes of amendments. It may well be questioned if those statutes extend to any but pleadings in the ordinary course. The plea *puis darrien continuance* being extraordinary, is, I am inclined to believe, not reached by

d 3 Burr. 1243. Pennington,229, 2 Day,252, 2 Wilson, 137.

general legislation on pleading, but only by special provision, unless the intention be very clearly expressed.

There can be but one plea *pluis darrien continuance*: [a] to permit the amendment, is to permit two pleas to be pleaded; for every amended plea is a new plea and a new issue is made on it. [b]

Second. A plea *puis darrien continuance must be pleaded before a continuance intervenes after the matter of it arises.* [c] It is true, there is a decision in Coleman and Caines' cases, which supports the position that Courts may permit such a plea to be filed at any time before trial. But the opinion in that case is so short, that we cannot learn if it is founded on common law rules, or a statute; but it is probably founded on a statute, as it is in direct opposition to the English adjudications.

The amended plea was filed after the intervention of a continuance, and as every amended plea is to be considered as a new plea, and as this is only to be considered as pleaded from the time when verified, (for till then it was a nullity,) we must conclude the Court erred in not rejecting it. No fiction can make it relate back to the time when the first one was pleaded, for fictions cannot be made to operate against fact; they can only be applied to further the design for which they were instituted. [d]

It is true, the statute seems in the last clause to give very general powers to the Court, but the latter words are to be controlled by the previous special words; and if so it is clear. Matters of substance are not amendable unless there be on the record something to amend by.

Motion for rehearing denied.