### Daniels & Lamont vs. Hallenbeck.

A plea of accord and satisfaction, alleging the satisfaction as moving from a stranger is bad.  So is an accord executory.

The best form of pleading such a defence, is by way of satisfaction ; the very point of the plea being that the plaintiff accepted the thing in satis faction.

In a special plea facts and not evidence, must be alleged, and although evidence enough be set forth, which shown on the trial would bar the action, the plea will on demurrer be adjudged bad.

A plea that the plaintiff agreed to take a third person as paymaster of a note declared upon, is frivolous.

Where in an action against two defendants, one of them pleads that he was the surety of the other, and that the plaintiff without his consent, gave day of payment to the principal, and the cause is tried, and a verdict found for the plaintiff upon the plea of non assumpsit a judgment entered upon such verdict will not be reversed, although the jury did not pass upon the plea ex tending the time of payment.

Error from the Tioga common pleas.  Hallenbeck declared against Daniels and Lamont on a promissory note payable 1st May, 1830.  The defendants pleaded separately.  Among the pleas, besides the general issue, were the following : 1st, that on the 1st July, 1831, it was agreed by the plaintiff, in consideration that Daniels would sell and deliver a yoke of cattle, for which the note was given to one William Munro, he, the plaintiff, would take Munro as paymaster of the note—and it was then averred that Daniels

did sell and deliver the cattle to Munro, and that the plaintiff did then and there take Munro as paymaster. 2d, that on the 1st September, 1831, it was agreed by the plaintiff, in consideration that Daniels would sell and deliver the cattle for which the note was given, to Munro, that he would make arrangements with Munro, by which Munro might, and should pay the price of the cattle directly to the plaintiff, in discharge of the note ; it is then averred that Daniels sold the cattle to Munro, the price of which to be paid to the plaintiff in discharge of the note ; and further, that afterwards, the plaintiff did make an arrangement with Munro by which Munro agreed to deliver to the plaintiff at &c. on &c. so many staves at six dollars per 1000 as would be sufficient to pay and satisfy the note, and the plaintiff agreed to receive the staves in payment and satisfaction ; that Munro at the time and place agreed upon, did deliver so many staves as were sufficient to pay and satisfy the note, of which the plaintiff had notice. To the *first plea* stated above, the plaintiff replied that he did not at the said time, when &c. release or *exonerate the defendants* from their liability to pay the note ; and to the *second plea* stated above, replied that he *did not receive the staves in payment* and satisfaction of the note. To these replications, the defendants demurred and the C. P. gave judgment upon the demurrers in favor of the plaintiff. There was another plea by Lamont, one of the defendants, that he signed the note as *surety* for Daniels, and that the plaintiff *without his consent,* gave day of payment to Daniels. Upon this plea the plaintiff took issue. The cause was tried and the jury found a verdict for the plaintiff upon the plea of *non assumpsit,* without noticing the issue upon the plea extending the time of payment. Upon the verdict thus found, judgment was entered. The defendants sued out a writ of error.

*M. T. Reynolds,* for the plaintiffs in error.

*S. Stevens,* for the defendant in error.

NEW-YORK,
May, 1838.

Daniels
v.
Hallenbeck.

NEW-YORK,
May, 1838.

Daniels
v.
Hallenbeck.

*By the Court*, BRONSON, J.   The 3d plea of Lamont and the 2d plea of Daniels are substantially alike.   So are the replications to those pleas.   It is unnecessary to examine the replications, for the pleas are good for nothing.   The defendants have not pleaded *payment;* but have pleaded that the plaintiff agreed to take Munro, a third person as *paymaster* of the note.   Such a plea should never have found its way upon the record, it should have been struck out as frivolous.

The 2d plea of Lamont and the 3d plea of Daniels are substantially alike, and so are the replications to those pleas. The pleas are bad.   Beyond the formal commencement and conclusion, they have few of the qualities of good special pleas.   Without noticing minor objections, these seem to have been intended as pleas of accord and satisfaction; and as such they are utterly defective.   In the first place, the satisfaction, if any, moves from a stranger—not from the defendants; and a plea alleging such a satisfaction has been held bad.   *Clow* v. *Borst,* 6 Johns. R. 37.   *Edgcombe* v. *Rodd,* 5 East, 294.   This is a question of pleading; and although the matter set up by the defendants may amount to a good bar when given in evidence, it does not follow that the pleas can be maintained.   But there is a more decisive objection to the pleas.   An accord *executed* is a good bar : but an accord *executory* is not.   *Russell* v. *Lytle,* 6 Wendell, 390.   Com. Dig. Accord. b. 4.   The best and most secure form of pleading such a defence, is by way of satisfaction.   9 Co. 80. *Peytoe's case.*   The very point of the plea is, that the plaintiff accepted the thing in satisfaction.   *Young* v. *Rudd,* Carth. 347.   2 Chit. Pl. 482, precedents, and note (n.)   *Drake* v. *Mitchell,* 3 East, 251. Had it been alleged that the plaintiff accepted and received the staves in satisfaction, it may be that the jury on proof of the facts stated in the pleas, would have been warranted in finding the issue in favor of the defendants.   *Anderson* v. *The Highland Turnpike,* 16 Johns. R. 86.   But it does not follow that a plea is good, because it details *evidence* enough to bar the action.   *Facts* and not *evidence* should be pleaded ; and they must be directly and positively alleged.

In trover, a demand and refusal is usually sufficient evidence of a conversion; but in pleading, the conversion itself must be alleged. A grant, or the payment of a debt, may under certain circumstances be presumed; but in pleading the party does not set forth the particular circumstances out of which the presumption arises; but the grant or the payment must be directly averred.

The only objection to the replications is, that they tender an issue upon a point which is not, but should have been presented by the pleas. Had the pleas been in proper form, the replications to them would have been good.

The objection that the jury have not passed upon the issue on Lamont's fourth plea, is answered by the case of *Law v. Merrills*, 6 Wendell, 268.

Judgment affirmed.