Bartley, C. J.
The main question presented for determination in this case is whether an accord and satisfaction accepted in discharge of a debt, but coming from a stranger or person having no pecuniary interest in the subject-matter, is a legal defense to an 76] action against the debtor, or his *legal representatives. The charge of the district court to the jury was in the negative of this proposition ; and if the court erred in this the judgment must be reversed.
It requires powers of discrimination looking far beyond the justice of the case to see the reason of the rule that accord and satisfaction, although moving from a stranger, yet accepted by the creditor, and set up in the plea of the defendant as a discharge of the debt, does not constitute a legal defense to the action. It is said, in some of the early adjudications touching this subject, that the reason of the rule is that the person from whom the accord and satisfaction comes is not privy to the contract giving rise to the debt. This reason might give just cause to the creditor to refuse to receive the. satisfaction from a stranger or third person, not hnown in the transaction of the parties even as agent of the debtor. *77 But where the creditor has actually received and accepted the con tribution in satisfaction of the debt, to allow him to maintain En-action on the same debt afterward would seem to shock the ordinary sense of justice of every man. It is urged, in support of the rule, that one man can not make another his debtor without his consent; that one can not make a gift or donation to another, unless the latter consent to receive it; and that it may be possible that a debtor may, on account of cross-claims, matters of set-off, or in view of other circumstances, be unwilling that a stranger should step in, and, by voluntary contribution, satisfy the claim of his creditor. All this may be very true,'and not affect the controversy in this-case. And it is said that exceptions may exist to all general rules— indeed, that exceptions sometimes prove the rule. It may be laid down as incontestible, as a general thing, that where one man is indebted to another and a third person steps in and pays the debt, in the absence of all circumstances tending to show the contrary, the rational inference *would be that the act done, being for [77 the debtor’s benefit, was done with his consent, or, if without his knowledge at the time, that it would, as a matter of course, be ratified by him afterward. If in such a case the creditor should subsequently bring suit against the debtor, and the debtor should appear in the action and plead the satisfaction in discharge of his liability, I can not conceive upon what just and rational ground the creditor could be allowed to reply that his debt was not discharged because the satisfaction which he had accepted in discharge of it was without the consent of the defendant. The very fact of the satisfaction being set up in the action by the defendant in discharge of the debt, would, of itself, seem sufficient to conclude the plaintiff from denying that it had received the defendant’s consent or ratification.
It is claimed, however, on behalf of the defenda/nt in error, that the question, in this case, depends upon a rule of law which was-decided many years ago, and which has been recognized and acquiesced in, by the sages of the law, for nearly two hundred years that the common- law settles the question — which has been fined and refined by an infinite number of grave and learned men, through a succession of ages, until, by long experience, it has-grown to such perfection, that, in the language of Lord Coke, “ no-man of his own private reason, ought to be wiser than the law." It is true, that the doctrine, that an accord and satisfaction, moving from *78, 79 • one who was a stranger, and in no sort privy to the condition of the obligation, could not be pleaded in bar by the obligor, which was reported by Coke to have been laid down in Grymes v. Blofield, Cro. Eliz. 541, and which appears to have been affirmed in Edgecomb v. Rodd and others, 5 East, 294, and recognized as law in some of the other English decisions, as well as in some of the •elementary books, and abridgments, has been followed in a 78] *number of the reported cases in this country. In the ease of Clow v. Borst et al., 6 Johns. 38, and the case of Stark’s Adm’r v. Thompson’s Ex’r, 3 Monroe (Ky.), 303, the rule'appears to have been adhered to ; and in the case of Daniels v. Hollenback, 19 Wend. 410, it was recognized with some qualification.
But mere precedent alone is not sufficient to settle and establish forever, a legal principle. Infallibility is to be conceded to no human tribunal. A legal principle, to be well settled, must be ■founded on sound reason, and tend to the purposes of justice. The maxim communis error facit jus, has a limited application. Otherwise, it could never be said that law is the perfection of reason, and that it is the reason and justice of the law which give to it its vitality. When we consider the thousands of cases to be pointed out in the English and American books of reports, which have been overruled, doubted, or limited' in their application, we can appreciate the remark of Chancellor Kent in his Commentaries, vol. 1, page 477, that “ even a series of decisions are not always evidence of ■what the law is.” Precedents are to be regarded as the great storehouse of experience; not always to be followed, but to be looked to as beacon lights in the progress of judicial investigation, which, although, at times, they be liable to conduct us to the paths of ■error, yet, may be important aids in lighting our footsteps in the road to truth.
The doctrine that satisfaction is no defense, if it accrue from a .stranger, appears to have taken its origin from the case of Grymes v. Blofield, Cro. Eliz., above mentioned, and which, according to Croke, was decided by two judges only, “cceteris justiciariis ab.sentibus.” And, although the ease purports to.be reported from the rolls, yet the report is manifestly inaccurate : for it is reported .as having been decided on demurrer to the plea, “ at.Trinity term, 79] 36 Elizabeth;” *and “afterward, in Eastern term, 31 Elizabeth,” was finally adjudged for the plaintiff: so that, according to the report, the final adjudication of the case was five years befoi’e *80 the decision of the question on the demurrer to the plea. And it is not a little remarkable, that this same case is reported by Rolle, in his Abridgment, as having been decided exactly the other way, and in favor of the defendant, and referred to as a decision at Trinity term, 39 Elizabeth, 1 Rol. Abr. 471 (Condition F). It is also worthy of remark, that the decisions of the English courts touching this question, have not been entirely consistent with Croke’s report, of this case. In the case of Hawkshaw v. Rolling, 1 Strange, 24, it was held that, “ although payment by a stranger be not a legal discharge.> yet acceptance in satisfaction is.” And in the case of Thurman v. Wild, 39 Eng. Com. Law, 148, Lord Denman, C. L, strongly questions the authority not only of the case of Grymes v. Blofield, but also the case of Edgcombe v. Rodd, 5 East; and, in reference to the former, says : “ But the reporter, in a note, observes truly, that in RoIIe’s abridgment of the same case, the judgment is. stated exactly the other way — to have- been for the defendant, and that the plea was good. This circumstance,” adds Ch. J. Denman, “ and some inaccuracies which are manifest in Croke’s report, certainly detract from the authority of the case in East (Edgcombe v. Rodd), as to this point, which depends on the report in question,”’ of Grymes v. Blofield.
Some doubt is thrown over the subject, in New York, by the remarks of the judge, in delivering the opinion of the court in the-case of Daniels v. Hollenback, 19 Wend. Although the decision in the case of Clow v. Borst, 6 Johns., is cited and recognized, yet Mr. Justice Bronson adds: “ The best and most secure form of pleading-such a defense is by way of satisfaction. The very point of the plea is *that the plaintiff accepted the thing in satisfaction. [80 Had it been alleged that the plaintiff accepted and received the stones in satisfaction, it may be that the jury, on proof of the faetsstated in the pleas, would have been warranted in finding the issue in favor of the defendants.” These remarks of the judge, although their consistency with other parts of the opinion is not very manifest, fully sustain the plaintiff in error in the defense which he attempted to set up in the district court, in the case before us.
The Supreme Court of Alabama, in the case of Webster & Smith v. Wyser, 1 Stew. 184, held that an accord and satisfaction, coming from a third person, and accepted by the plaintiff in discharge of the defendant’s liability, is a bar to an action.
Mr. Chitty, in his valuable treatise on the law of contracts, says- *81 that the correctness of the doctrine that an accord and satisfaction by a stranger is not a good bar, has been doubted; and that “ the better opinion would appear to be that satisfaction made by a stranger to a third party having a cause of action, and adopted by the party liable to the action, is a good bar to an action for such •cause.” Chitty on Contracts, 779. The same doctrine is laid down, in Parsons on Contracts, a still more modern elementary work. See Parsons on Contracts, 200.
From an examination of the whole subject it appears that the • case of Grymes v. Blofield, as reported by Croke, in which the doctrine originated that a plea of accord and satisfaction, moving from a stranger, was not a good plea in bar, is,'to say the least of it, of doubtful authority; and in the cases in which it has been followed, both in ■ England and in this country, it appears to have been .adopted with little or no inquiry into the reason or justice of its application. The rule laid down is purely technical; and the rea81] son assigned, that the stranger is not privy to the condition *of the obligation, loses all its reality when we consider that the satisfaction must have been accepted by the plaintiff, and assented to or ratified by the defendant. It would seem, therefore, that a rule which in its tendency is calculated to foster bad faith and defeat ■the purposes of justice, ought not to be adhered to simply on ac- ■ count of its antiquity.
We are unanimous in the opinion that there was error in the in.structions of the district court to the jury.
Judgment reversed, and cause remanded for further proceedings.
Swan, Brinkerhoée, Bowen, and Scott, JJ., concurred.