JOHN HAULENBECK *v.* WRIGHT GILLIES and JAS. W. GILLIES.

Under the law, as it existed prior to the act of April, 1857, relative to the district courts in the city of New York, a non-resident plaintiff might, at his option, sue either by long or by short summons; the only difference being that, in the latter case, he was required to furnish proof of his non-residence and give security.

But by that act the practice was changed. So that now a non-resident plaintiff

Haulenbeck v. Gillies.

must in all cases sue by short summons, and must first furnish proof of his non-residence, and give security for costs. BRADY, J., *dissenting.*

In an action brought in a district court when it appears by the evidence, and the objection is taken *at the trial,* that the plaintiff is a non-resident of the county, and has not given security for the defendant's costs, it is the duty of the justice to dismiss the action without costs, and without prejudice to a new suit. BRADY, J., *dissenting.*

But if the objection is not thus taken, it is considered as waived; and the justice will be deemed to have jurisdiction of the action, although it may have been brought by a non-resident plaintiff by short summons, and without giving security.

Where the judgment of a justice is incomplete—*e. g.,* where the return shows that the complaint was dismissed, but does not show that costs were awarded against the plaintiff, it can neither be reversed nor affirmed, but the appeal therefrom will be dismissed.

APPEAL by plaintiff from a judgment of the Sixth District Court. This action was commenced by a long summons, and no security was given for costs. On the return of the summons the defendant moved for a dismissal of the complaint on this ground. The motion was granted, and the plaintiff appealed. The return did not show that any judgment was perfected for costs or otherwise against the plaintiff, and the defendants move on that ground to dismiss the appeal.

*William McKeag,* for the appellant.

*Luther R. Marsh,* for the respondents.

I. The appeal should be dismissed. A judgment of non-suit, where no costs are given against the plaintiff, is not appealable. 2 Johns. R. 8; 2 Cow. Tr. 1031.

II. Whenever a suit is commenced in any court in this state by a plaintiff not residing within the jurisdiction of the court, security for costs must be given. 2 R. S. (4th ed.) 821; Abbott's Forms of Pleadings, 204, note *c.* The evident intent of the legislature, in requiring non-residents to file security for costs, is to protect citizens of this state from vexatious litigation by persons not residing within the jurisdiction of our courts, and to require from the plaintiffs, in such cases, what answers to the ancient pledges of prosecution. 3 Blackstone's Com. 400.

By the Court, HILTON, J.—The plaintiff, a resident of New Jersey, sued the defendants in the Sixth District Court by long summons, and without giving security. The defendants appeared and, these facts being admitted, instead of answering, "moved to dismiss the case" because no security had been filed. The justice, in his return, states that he granted the motion, and from his ruling the plaintiff appealed. Upon the argument, we are asked to dismiss this appeal upon the ground that such a determination, by which no costs are awarded, is not appealable.

Under the law, as it existed prior to the act relative to the district courts in this city, passed April 13, 1857, (see Laws 1857, Vol. 1, p. 707), a non-resident plaintiff might, at his option, sue either by long or short summons; the only difference being that, in the latter case, he was required to furnish proof of his non-residence, and give security. *Nicholls* v. *Tracy*, 1 Sand. S. C. 278; *King* v. *Dowdell*, 2 Id. 131; *Allen* v. *Stone*, 9 Barb. S. C. 61; *Kelly* v. *Kelly*, 2 E. D. Smith, 250. But by the act of 1857, the practice in this respect was changed, as will be seen by an examination of its provisions. By § 13, where the plaintiff is not a resident of the county, and gives the security for costs required by § 23, the summons must be returnable in not less than two nor more than four days from its date. In other words, it must be a short summons. § 23 requires the security, in such cases, to be given before the summons is issued, and § 45 specifies the cases where the justice must render judgment dismissing the action with costs, and without prejudice to a new action. Among the cases there enumerated are those where it is objected at the trial, and appears by the evidence, that the action is brought by a plaintiff not a resident in the county, without giving the security required by § 23 of the act. If, however, the objection is not taken at the trial, it is waived, and the court will be deemed to have jurisdiction.

In this case the return shows that the fact of the plaintiff's non-residence duly appeared, and, the objection having been taken by the defendants that the action was brought without

Haulenbeck v. Gillies.

giving the security required by the act, the justice very properly dismissed the action. But, as it does not appear that any costs have been adjudged against the plaintiff, the determination of the justice appears to be incomplete, and, as was said by the late Supreme Court in a somewhat similar case, (*Monell* v. *Weller*, 2 John 8), is therefore incapable of reversal or affirmance.

For this reason the motion to dismiss the appeal must be granted.

DALY, First Judge, concurred.

BRADY, J., (*dissenting*).—Section 13 of the act relating to the district courts of this city, passed April 13, 1857, provides that, where the defendant is not a resident of the city, or where the plaintiff is not a resident, *and gives the security* required by the twenty-third section of that act, the summons must be returnable in not less than two nor more than four days from its date, and must be served at least two days before the time for appearance mentioned therein. And further, that in *all other cases* it must be returnable not more than twelve days from its date, and must be served at least six days before the time of appearance. Section 23, referred to, provides that plaintiffs not residing in the city and county of New York shall, before the *issuing of the short summons,* as provided in the 13th section, file with the clerk of the court a written undertaking, &c. Prior to the act of 1857, a short summons issued from a district court in favor of a non-resident plaintiff, upon his giving proof of the fact of non-residence, and tendering to the justice the security required by law ; and the Act to Abolish Imprisonment for Debt, &c., (Laws 1831, p. 396, § 32), in respect to this proceeding, section 32 of the act of 1831, and section 13 of the act of 1857, are substantially the same. Under the former it has been held that the plaintiff might proceed by long or short summons, at his option, but if he chose the latter mode he must give security. It was a privilege, not a restriction. *Nichols* v. *Tracy,* 1 Sand. 278

*King* v. *Dowdell*, 2 Sand. 131; *Kelly* v. *Kelly*, 2 E. D. Smith, 250. Section 13 of the act of 1857 imposes no restriction, but grants a privilege upon compliance with a condition, namely, giving security, in which case the summons may be short.   The language of the section is, "where the plaintiff is a resident, and gives the security required by the twenty-third section;" but where he does not give the security, it seems to me to be clear that he is then controlled by the second subdivision, which provides that in *all other cases* the summons must be returnable not more than twelve days, &c.   There are no words of prohibition against proceeding by long summons.   That is the general mode, while the proceeding by short summons is a specialty allowable when security is given.   For these reasons, I think the justice erred in dismissing the complaint.   It is said that section 45 of the act of 1857 renders it the duty of the justice to dismiss the action in all cases, if it appear that the plaintiff is a non-resident and has not filed the security contemplated by section 23.   I submit, with great respect, that such a construction is not warranted by the language of the section referred to.   It provides, that the justice shall dismiss the action when it is objected that the plaintiff is a non-resident of the county, and has brought the action without giving the *security required by the act.*   I think I have shown that security is only required when the proceeding is by short summons.   Indeed, the language of the twenty-third section so distinctly provides, as I understand it, in connection with section 13.   It is as follows: "Plaintiffs not residing in the city and county of New York shall, before the *issuing of the short summons,* as provided in subdivision one of section 13 of this act, file with the clerk of the court a written undertaking, &c."   There is nothing, therefore, in section 45 which affects adversely the conclusion at which I have arrived, because it appears that the justice has no power to dismiss the complaint, except in cases where a non-resident plaintiff proceeds *by short summons without giving security.*

The dismissal of the complaint was not upon failure of proof, or upon the ground that the facts alleged by the plaintiff were

not sufficient to constitute a cause of action. The case differs, therefore, from *Monnell* v. *Weller*, (2 Johns. Rep. 8). The justice dismissed the action upon the ground that he had no jurisdiction, and his decision is reviewable in this court for that reason.

I think the justice had jurisdiction, that he erred in dismissing the complaint, and that the judgment should be reversed.

