By the Court—Monell, J.
The finding of the Referee that neither E. R. Geary, nor W. L. Geary was ever in possession of any of the vouchers, securities or moneys deposited by their father, with the defendants, appears to be fully sustained by the evidence. All the dealings with respect to these funds were with the plaintiff. Ho correspondence or other evidence showed any notice whatever to the plaintiff’s children of the deposit in their favor, nor does it appear that their right to the fund, was admitted or recognized by the defendants at any time during the series of years of their dealings with the plaintiff. The instructions of the plaintiff to transfer the accounts to the names of his children were followed by the defendants and were recognized by them as the directions of one haying authority to give them. The defendants never took any steps to apprize the plaintiff’s children of the transfer of these funds to their account, but constantly recognized and admitted, by their acts and correspondence, the absolute dominion and authority of the plaintiff over them. It is not necessary to inquire into the motive of the plaintiff in directing the transfer of the securities, &c., to his *296 children. The most that can be claimed by the defendants, is, that it was intended as a gift from the plaintiff to his children. There does not appear to have been any indebtedness of the pi alp tiff to his sons, or any obligation, express or implied, legal, equitable or otherwise, from which it might be inferred that he designed to pay or extinguish such debt or obligation, and which might have raised an implied assumpsit in their favor. His children, at the time of the transfer, were of very tender- years, and there is no evidence, other than that the transfer was the voluntary act of the plaintiff, without pecuniary consideration, and without losing or intending to lose absolute control over the funds. But the Referee has further found, •that all the moneys at any time due or payable on any of the accounts, were held by the defendants, as the property of the plaintiff, and subject to his order. The evidence shows, that notwithstanding the plaintiff’s directions to the defendants, to open accounts in the names of his two sons, he still continued the owner of the funds and securities. The plaintiff distinctly testifies, that at no time did they cease to belong absolutely to him; and this lfiust be held to be so, unless the law upon the facts adjudges it otherwise. If oral testimony of the intention of the party is to govern, the plaintiff was the owner of the funds. It cannot, I think, be pretended that the mere instruction of the plaintiff to open these accounts in the names of his two children, was a transfer to them, ipso facto, of the funds and securi ties themselves. There was no debt to pay and therefore no consideration for the transfer. The defendants’ counsel has referred us to a number of cases, to establish his proposition, that by the transfer, the relation of debtor and creditor arose between the defendants and E. R. & W. L. Geary, and that they became liable to account to them for all the funds and securities in question. Those were all cases of promises made to another for the benefit of a third person, and it was held that an action for money had and received would lie. But in all those cases, it is to be observed there was *297 a good consideration moving between the person to whom the promise was made and the third person for whom it was made. There was no debt due from the plaintiff to his children, which would be a consideration for the transfer, and which might imply a promise by the defendants to pay. (Judson v. Gray, 17 How. Pr., 289, 295, and cases there cited.) Besides, no case can, I think, be found where this principle has been applied to other than an express promise. The defendants never promised to pay these moneys or securities to the plaintiff’s children, and I cannot see how, upon the principle of an implied assumpsit, they could recover them. The case of Duncan v. Bates, in MSS., decided in the Supreme Court of this State in the first district, was an assignment by L. O. Wilson & Co. to Bates & Wilson for the benefit of the creditors of the assignors. At the time of the assignment, the assignors had $70,000 on deposit with the plaintiffs. ¡Notice of the assignment was given to the plaintiffs, and they were authorized to transfer to the assignees the 'deposit, and it was so transferred on the plaintiffs’ books. Subsequently, creditors of L. O. Wilson & Co. attached the funds in the plaintiffs’ hands, claiming them as against the assignees. The plaintiffs sought to interplead the assignees and attaching creditors, in order that it might be determined to whom the fund belonged. The learned Justice who delivered the opinion in this case, says the transfer of the fund to the. assignees upon the order of the assignors was equivalent to an actual payment of the order to them, and a new deposit by them of the moneys, on their own account.- On this ground it was held the plaintiff had failed to show a case for interpleading the defendants. Although the. ground upon which the learned Justice put his decision does not, in my judgment, aid the defendants’ view of this case, yet I should have been better satisfied if it had been placed upon another, and it seems to me firmer ground. Here was a general assignment for the benefit of creditors, which passed to the assignees all the property, rights and choses in action of the assignors, and gave to the assignees *298 the right to immediate and absolute possession. Upon notice to Duncan & Co. of the assignment, the assignees became vested, not only with a property in I he funds, but with the right to their actual possession. This they held as trustee for the creditors, and could not be divested of by auy one of them. The order was unnecessary, or at most auxiliary to the assignment; the latter conferring all the title needed, and was in itself a perfect defense to the claim of the creditor. The case I am now considering is essentially different from that of Duncan v. Bates. Here there was no assignment of the funds—no rights of creditors to intervene—no taking possession by the plaintiff’s children—nothing upon which they could raise any legal claim whatever; and, therefore, while fully approving of the conclusions in that case, I cannot apply them to the facts in this case.
The next inquiry is, was this a gift to the plaintiff’s children, either in presentí or in futuro. That the plaintiff intended ultimately to make his children the objects of his bounty, is perhaps inferable from the transactions in the case. It is difficult to discern any other motive for the change in the accounts from himself to his children; but that he designed, at the time of the transfer, to donate to his sons the funds and securities, no where appears. In order to constitute it a valid gift, delivery was essential. A mere promise or declaration of an intention to give, however clear and positive, wuuld not be enough. The intention must be consummated and carried into effect by those acts which the law requires to divest the donor of, and invest the donees with, the right of property. The donor must part not only with the possession of, but with the dominion over, the property. (Gilchrist v. Stevenson, 9 Barb., 9, 13; Huntington v. Gilmore, 14 Id., 243, 246; Harris v. Clark, 3 Comst., 113; Van Deusen v. Rowley, 4 Seld., 358.) And if he retains authority or dominion over the subject of the gift, or there remains in him a locus penitentice, there is not a perfect and legal donation. (Hitch v. Davis, 3 Md. Chy. Decis., 266.) That the plaintiff did *299 retain dominion over the securities and moneys in the defendants’ hands, is abundantly supported by the proof in the case. The fund was always held subject to his direction and control; payments of interest, income and principal were frequently and constantly made to the «plaintiff, and no doubt suggested, or question raised as to his absolute right to receive. The transaction, therefore, lacks the principal essential in a gift, namely, delivery, and a loss of dominion over the subject of the gift. Had the question arisen between creditors of E. R. & W. L. Geary and the defendants, the former would, I think, have failed to show any right to these funds; how much less can the defendants in this action set up property in E. R. & W. L. Geary as a defense to the plaintiff’s claim. After so fully and freely admitting the plaintiff’s right to, and control over these funds during the several year’s through which the transactions run, it seems to me it is now too late for the defendants to claim exemption on grounds so hostile to their previous acts. It is not disputed that the defendants were the depositaries of the plaintiff’s funds; nor is it questioned that they owed a duty to some one to discharge the obligations imposed by such deposits. Gan it be doubted to whom, at the commencement óf this suit, they owed that duty? I think not. The plaintiff never having parted with his property in the funds in the defendants’ hands, could maintain his action for their recovery.
The only remaining question I deem it necessary to examine, is the defense of accord and satisfaction set up by the defendants. On the 18th of September, 1855, the defendants, by F. M. Haight, wrote the plaintiff that they had compromised certain claims set apart on the failure of the defendants’ house, as a security for the debt due the plaintiff, at $12,000, cash $6,000, and a note for $6,000, at three mouths, and then say, “ the amount must be received in full of' your debt against Page, Bacon & Co. You will please send me a proper discharge from C. R. and W. L. Geary of the debt due them from Page, Bacon & Co.” To this letter the plaintiff, under date of Nov. 16,1855, wrote *300 the defendants, through Henry Haight, and after acknowledging the receipt of the letter of the 18th of September, says, “ I desire this to serve you as a receipt until you forward me the balance and such releases as you desire me to execute in behalf of my wards, E. E. and W. L. Geary.” Ho other evidence is relied on by the defendants as establishing or tending to establish an accord and satisfaction. It is enough to say that the plaintiff, it seems to me, rejected the proposition to receive the compromise sum in full of his debt against Page, Bacon & Oo. He received the remittances on account only, and sent his receipt, to be held until the balance was forwarded, with such releases as the defendants desired him to execute. He in effect declined to accept the cash and note in full, and nowhere waived his right to claim the balance of his debt. The law is well settled that an accord, without acceptance of that which is offered or agreed to be taken, is not satisfaction. (Allen v. Roosevelt, 14 Wend., 100; Hawley v. Foote, 19 Id., 516; Brooklyn Bk. v. DeGrauw, 23 Id., 342; Tilton v. Alcott, 16 Barb., 598; Day v. Roth, 18 N. Y. R., 448.) Even if there had been an agreement to accept, it was wholly executory, and upon the authority of the above cases, could have been rejected, on a tender of performance by the defendants. It constitutes, in my judgment, no defense to the action.
The Eeferee having found an amount due the plaintiff upon an examination of the accounts between the parties, and it not being claimed that such finding is against the weight of evidence, I can see no reason why we should disturb his report, charging the defendants with the amount in this action, and directing judgment therefor.
I am of opinion that the judgment appealed from should be affirmed with costs.
Robertson, J.
Besides the accord, the only question is, if, on the evidence in this case, the plaintiff’s children'could recover against the defendants. It is not a case of novation whereby, in consideration of the defendants promising *301 to pay such children the amount due, the plaintiff agreed to discharge the defendants, because the children were not present to accept, or parties to the promise. Even if a promise by C. to A. to pay B. a sum of money in consideration of A.’s agreeing to discharge 0. from a prior liability to him be valid, either A. or B. can maintain an action on such promise, if by parol; the former, because expressly made to him, and the latter, by reason of his beneficial interest; and that is the most that can be made of this case. The plaintiff can sue and recover, whatever maybe his childrens’ rights against him. I concur in the other views. *