ARNOLD BLUM & ANOR. *v.* ROBERT T. HARTMAN.

Where, in a justice's court, the merits are fairly entered into, investigated, and the case is finally submitted to the justice, who gives a judgment for the defendant, though without costs, it is conclusive on the plaintiff, a bar to another action, and a final determination, from which an appeal will lie.

The mere acceptance by a creditor from his debtor of a less sum than the amount of the debt, without any additional consideration, benefit, or advantage to the creditor, is not an accord and satisfaction, even though the acceptance was in full of the debt.

Satisfaction by a stranger can not be pleaded in bar of defendant's own obligation.

APPEAL by the plaintiffs from a judgment of the Fifth District Court.

This was an action for goods sold and delivered, and the answer was general denial, and accord and satisfaction. The facts sufficiently appear in the opinion.

*Kauffmann, Frank & Wilcoxson,* for appellants.

*R. Hartmann,* for respondent.

BY THE COURT.—DALY, F. J.—Where the merits are fairly entered into, investigated, and the case is finally submitted to the justice, who gives a judgment for the defendant, it is conclusive upon the plaintiff, a bar to another action, and a final determination, from which an appeal will lie to this court (*Hess* v. *Beekman,* 11 Johns. 458 ; *Shall* v. *Lathrop,* 3 Hill, 237 ; *Audubon* v. *Excelsior Ins. Co.,* 10 Abbotts' Pr. 64). Such was the case here. Evidence was given by the plaintiffs and the defendant. The case was submitted to the justice, who rendered judgment for the defendant without costs. It is urged that as no costs were given by the justice, the judgment was incomplete upon the authority of *Monnell* v. *Weller* (2 Johns. 8), and *Haulenbeck* v. *Gillies* (2 Hilt. 238). These, however, were both cases in which the plaintiff was nonsuited. In the first of them, the court said that the nonsuit was improperly granted, but that the court could not restore the party to the state he was in when the nonsuit took place : that the object of the *certiorari* was merely to throw a bill of costs upon the

defendant; that they thought the judgment incomplete and incapable of affirmance or reversal, but whether because there was no judgment for costs or not, the court did not say. And the second case, which was in our own court, was decided upon the authority of the prior decision of the Supreme Court. It is not necessary to inquire whether these cases were rightly determined or not, for the present case is in no way analogous. They were strictly cases of nonsuit. They were no bar to another action, and presented no obstacle, and imposed no obligation which the plaintiff was required to discharge, to enable him to bring another action, as no costs were granted. But here the case was fully heard upon its merits, and the judgment, if undisturbed, would be conclusive and final upon the plaintiff. It was held in *Elwell* v. *McQueen* (10 Wend. 519), that a justice has the right to non-suit the plaintiff if he fails upon his own showing, to make out a case, and that the judgment of non-suit in such a case, is no bar to another action ; but that if both parties have been fully heard, and the case is submitted to the justice who takes time to deliberate, it is not then in his power to grant a nonsuit; that his determination of the case is equivalent to a verdict of a jury and a judgment therein, and though he may call it a judgment of nonsuit, and so enter it, it will, if the minutes or record of the time show that it was rendered *after the cause was submitted to him*, and after he took time to deliberate, and not at the trial, be considered a judgment for the defendant, and will be a bar to another action.

The return here shows that the case was heard on the 6th of March, upon the proof given by both parties, that *the case was closed*, and that *thereupon* the justice, on the 6th of March, rendered judgment in favor of the defendant and against the plaintiff. This was a final determination upon the merits, a bar to another action, and a judgment from which an appeal will lie.

The judgment was erroneous. There was no dispute as to the amount of the debt. It was $452. The plaintiff received $200 in cash, and $202 in goods returned. The plaintiff's witnesses testified that the defendant's father, before this payment was made, asked the plaintiffs to compromise, and that they

refused, one of them saying to him that they wanted the whole amount; that the same day, the agent of the plaintiffs called to see what the defendant would do; that the defendant proposed to give $200 in cash, and $202 in goods, for the whole bill, and that the agent said that he could not accept it; that the plaintiffs' agent told them that the defendant's proposition was that $200 in cash and $202 in returned goods should be in full settlement of all transactions between them, but that they sent no reply to the defendant; that the defendant further came and paid $200 in cash, and when he paid the money, said that the plaintiffs would lose only $50 by the arrangement, and that they said nothing in reply. On the part of the defendant, his father testified that the plaintiffs figured up that the whole debt would amount to $452; that he agreed with one of the plaintiffs to pay $200 in cash and $202 in returned goods, and that he should throw off $50; that the plaintiffs, with whom he conferred, then asked for the $200; that the witness said he would bring it the next day; and that two hours after, the plaintiffs sent for the goods, and the next morning the witness went to the plaintiffs and paid them the $200. The testimony of the defendant was in corroboration of that of his father.

This was simply giving a lesser sum for a greater, without any additional consideration, benefit or advantage to the plaintiffs, which is not an accord and satisfaction even though accepted, as the defendants claim, in full for the debt (*Harrison* v. *Close*, 2 Johns. 448; *Seymour* v. *Minturn*, 17 *id.* 169; *Dederick* v. *Leman*, 9 *id.* 333; *Geary* v. *Page*, 9 Bosw. 290). It does not appear that the $200 paid by the father was his own, and not the defendant's money. The presumption from the evidence is, that it was the money of the defendant; but had it even been otherwise, it would be unimportant, for satisfaction by a stranger cannot be pleaded in bar of the defendant's own obligation (*Daniels* v. *Hallenbeck*, 19 Wend. 408; *Clow* v. *Borst*, 6 Johns. 37; *Bleakley* v. *White*, 4 Paige's R. 656; *Edgcumb* v. *Roe*, 1 Smith's K. B. &. C. Rep. 519, 2d ed.; *Grymes* v. *Blofield*, Croke, Eliz. 541).

The judgment should be reversed.

Judgment reversed.