GEORGE R. BENNETT *vs.* GEORGE H. HILL.

Satisfaction of a debt made by a stranger for or on account of the debtor and adopted by the debtor is a valid satisfaction.

The debtor need not formally adopt such satisfaction before availing himself of it by plea, the plea being an adoption.

An agreement may be such as to be itself a satisfaction, or may be such as to become a satisfaction when performed.

A. being indebted to C., an agreement was made between B. and C. by which A. and B. were to carry on a business formerly owned by C.; and B. was from the profits to pay C. the debt due from A., while C. was to accept the agreement in lieu of his claim against A.

*Held,* that the agreement discharged A. from C.'s claim.

*Held,* further, that the discharge of C.'s claim was a sufficient consideration for the agreement and for B.'s promise.

EXCEPTIONS to the Court of Common Pleas.

*January* 9, 1884. DURFEE, C. J. This action was tried in the Court of Common Pleas and comes here on exceptions. It is *assumpsit* for $300 for services rendered. The defendant pleaded *first* the general issue, and *second* a plea of set off. The plea in set off sets up an indebtedness of the plaintiff to the defendant of $2,000 by promissory note and of $1,500 claimed under the common counts. The note is described as a note dated May 17, 1880, subscribed " George R. Bennett, Treas.," payable to William F. Brooks, Agt. P. P. Co.," four months after date, and indorsed to the defendant by Brooks by the signature, " Providence Pottery Co., Wm. F. Brooks Agt." To the plea in set off the plaintiff pleaded the following replication, to wit : " And the plaintiff, for further replication, here by leave of the court says, *precludi non*, because he says that before the bringing of his said action, to wit : on the      day of      A. D. 1880, the said defendant in consideration that one George A. Burrough undertook and promised with the assistance of the plaintiff ·to carry on the pottery business of the Providence Pottery Works, then owned by the defendant, and to pay to the defendant from the profits of said business the indebtedness of said company to said defendant, including the claims mentioned in said plea in set off amounting to about ($2,500) twenty five hundred dollars, and in consideration that the plaintiff would take charge of said business and manage the same and draw therefrom only his living expenses, undertook and promised

to accept and did accept said agreement, promises, and contract in place of said former claims mentioned in said plea in set off, and in full satisfaction and discharge of the plaintiff's liability thereon. And the plaintiff says that the said Burrough did thereupon, with the assistance of the plaintiff, carry on the pottery business of said company, and the plaintiff thereupon took charge of said business and managed the same," &c.     To this replication the defendant demurred.    The court below overruled the demurrer and the defendant excepted.

The replication is deficient in precision and certainty, and is otherwise open to criticism; but we understand that what is pleaded or is meant to be pleaded in it is, that the claims alleged in set off have been discharged or satisfied by force of an agreement between the defendant and Burrough, in which Burrough undertook and promised the defendant that he would pay said claims out of the profits of a certain pottery business, to be carried on by him with the assistance of the plaintiff, the plaintiff to be the manager, and in which the defendant agreed, in consideration of said promise, to accept said promise of payment from Burrough, as aforesaid, in lieu of payment, as he was previously entitled to it, from the plaintiff, and in full discharge and satisfaction of said claims.    The replication also states that Burrough and the plaintiff have carried on the pottery business, but it does not state that Burrough has ever paid anything on account of the claims, or that any profits have accrued from which he could have paid anything.    The question then is whether the agreement, without more, can be held to have satisfied the claims pleaded in set off.

The defendant contends that the agreement is without consideration and therefore void.    We think the agreement is not without consideration if the result of it is to discharge the plaintiff; for in that event, although Burrough may derive no advantage from it, the defendant receives a detriment, in that he loses his claim on the plaintiff.    The question, therefore, recurs again whether the agreement can be held to operate as a discharge of the plaintiff or as a satisfaction of the defendant's claims against him.    The defendant contends that the agreement cannot operate by way of discharge or satisfaction because it is the agreement of a stranger.    There are cases which hold that an accord and satis-

faction by a stranger is not a good bar. *Grymes* v. *Blofield*, Cro. Eliz. 541; *Edgecombe* v. *Rodd*, 5 East, 294; *Clow* v. *Borst & Best*, 6 Johns. Rep. 37; *Blum* v. *Hartman*, 3 Daly, 47; *Daniels* v. *Hallenbeck*, 19 Wend. 408. But the better doctrine is that satisfaction by a stranger, made for or on account of the debtor and adopted by the debtor, is good. *Jones* v. *Broadhurst*, 9 C. B. 173, 193; *Belshaw* v. *Bush*, 11 C. B. 190, 207; *Simpson* v. *Egginton*, 10 Exch. Rep. 845; *Webster* v. *Wyser*, 1 Stew. 184; *Harrison* v. *Hicks*, 1 Port. 423; *Leavitt* v. *Morrow*, 6 Ohio St. 71; *Schmidt* v. *Ludwig*, 26 Minn. 85. It is not necessary that the debtor should have formally adopted the satisfaction before pleading it; the plea itself is an adoption. *Belshaw* v. *Bush*, 11 C. B. 190, 207; *Walter* v. *James*, L. R. 6 Exch. 124, 127. We do not think that any request from the plaintiff to Burrough need be alleged. It is enough that the plaintiff accepts the satisfaction as shown by his replication.

The defendant contends that the replication is bad because no satisfaction is alleged except the promise of Burrough, which he contends is without consideration. There is a distinction between an agreement which is itself satisfaction, and one which is to become satisfaction when performed. The former satisfies the debt; the creditor getting the agreement in lieu of the debt. *Whitney* v. *Cook*, 53 Miss. 551, 559; *White* v. *Gray*, 68 Me. 579; *Babcock et al.* v. *Hawkins*, 23 Vt. 561; *Goodrich* v. *Stanley*, 24 Conn. 613, 620; *Kinsler* v. *Pope*, 5 Strobh. 126; *Lyth* v. *Ault*, 7 Exch. Rep. 669; *Evans* v. *Powis*, 1 Exch. Rep. 601; *Crowther* v. *Farrer*, 15 Q. B. N. S. 677. The agreement here was of that character, and being of that character, the discharge of the defendant's claims on the plaintiff was a good consideration for it, for the discharge, though no benefit to Burrough, was a detriment to the defendant. The agreement is expressly alleged to have been accepted in lieu of the claims, the claims being discharged in consideration of it.

We think, therefore, disregarding all such defects of the replication as have not been objected to by the defendant, that the replication must be held to be sufficient and the demurrer overruled. *Exceptions overruled.*

*Nathan W. Littlefield*, for plaintiff.

*Benjamin N. Lapham & Joseph C. Ely*, for defendant.