# Southern Railway Company v. Aldredge & Shelton.

*Action against Railroad Company for Failure to Deliver Goods.*

1. *Warehouseman; should exercise ordinary diligence.*—A warehouseman is bound to use ordinary diligence in keeping goods intrusted to his charge, which means, he should use such care and diligence as a man of ordinary prudence bestows on his own affairs.

2. *Warehouseman; burden of proof when loss of goods shown.*—If a warehouseman fails on demand to deliver goods intrusted to him, or does not account for such failure, prima facie negligence will be attributed to him, and the burden of proving the loss without the want of ordinary care is devolved upon him.

3. *Action of railroad company as warehouseman; admissibility of evidence.*—In an action against a railroad company as a warehouseman, the distance which the plaintiff lives from the depot of the defendant where the goods were stored, is irrelevant to any issue involved, and therefore testimony as to such fact is inadmissible.

4. *Trial of civil case; not necessary to authorize verdict.*—In the trial of a civil case, it is only necessary in order to authorize a verdict that the jury should be reasonably satisfied; and therefore, a charge which instructs the jury that they must be satisfied to a "reasonable certainty," before they can return a verdict, is erroneous, as exacting too high a degree of proof.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. J. A. BILBRO.

The purpose of the suit and the facts of the case are sufficiently stated in the opinion. The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: "2. If the jury believe all the evidence, they cannot find for the plaintiff in the second count of the complaint." "3. The burden is on the plaintiff to show that defendant was guilty of gross negligence in keeping the goods to a reasonable certainty, and if the evidence is in such a state of confusion and uncertainty as that the jury cannot say that they are satisfied to a reasonable certainty that the goods were lost by the negligence of defendant, then plaintiff is not entitled to recover." "4. If Mr. Aldredge received the goods from the agent and asked the agent to allow them to remain till he could send back for them and when he sent back for them they were not there, this does not make out a case of negligence against defendant or entitle plaintiff to recover." "5. The mere fact, if it be a fact that the shoes were there when Aldredge got the one case of shoes and were not there when he sent for them several days later, is not of itself sufficient to show that defendant was guilty of negligence which brought about the loss of the shoes." "6. The court charges the jury that the uncontradicted evidence in this case shows that plaintiff left the shoes in defendant's depot without a reward and plaintiff is not entitled to recovery unless defendant was guilty of gross negligence in keeping the shoes." "8. The court charges the jury, that the fact that plaintiff lived 27 miles from Attalla, is not to be considered by the jury for any purpose." "9. The court charges the jury, if the jury are not satisfied to a reasonable certainty whether the goods were left with defendant at defendant's risk or at plaintiff's risk the jury cannot find a verdict for plaintiff." "10. The court charges the jury, if the jury are reasonably satisfied that defendant kept the goods in his depot, with reasonable care and that some one staid in the depot in

24c

the day and kept it locked at night, then plaintiff cannot recover."

At the request of the defendant, the court gave to the jury the following charges: "5. The court charges the jury, the burden is on plaintiff to prove to a reasonable certainty that the goods were lost on account of some negligence of defendant if the evidence as to negligence is so equally balanced as that the jury are not convinced to a reasonable certainty that they were lost on account of the negligence of defendant, then plaintiff cannot recover in this action." "11. The court charges the jury, if the jury believe from the evidence that the goods were kept in defendant's depot with reasonable care, the jury must find a verdict for defendant."

There were verdict and judgment for the plaintiffs. The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

BURNETT, HOOD & MURPHREE, for appellants.

GEORGE D. MOTLEY and E. D. HAMMER, contra.—Cited Mobile & Girard R. R. Co. v. Prewitt, 46 Ala. 63; Cook v. Erie R. R. Co., 58 Barber (N. Y.) 312; M. & G. R. R. Co. v. Pruitt, 46 Ala. 68; L. & N. R. R. Co. v. Cowherd, 120 Ala. 51.

SIMPSON, J.—This was an action by appellees for the value of two cases of shoes, basing their right to recovery on appellant's liability as a common carrier, in the first count, and on its liability as a warehouseman for reward, in the second count of the complaint. The judgment was for plaintiffs for $30.16.

The undisputed facts of the case are that two shipments of shoes were received for plaintiffs, at Attalla; that when plaintiffs called for them, they could not carry them all, and requested defendant's agent to allow those not carried away then, to remain in the warehouse 'till they could call for them, which was assented to, and when they called for them, the two cases were missing

and were never found. No charge was made for keeping the goods in the depot, and there was no offer to pay any thing.

Defendant's witness (the agent) states that, when plaintiffs requested him to let the goods remain there, he assented but told plaintiff that the goods would be at their risk. Plaintiff says that he does not remember any such remark being made to him.

The responsibility of a railroad company keeping goods in its depot, after the termination of the transit, is that of a warehouseman for hire, and it is bound to use ordinary diligence in keeping the goods.—*M. & G. R. v. Prewitt,* 46 Ala. 63, 68.

"A warehouseman is only bound to take reasonable and common care of the commodity entrusted to his charge." He is bound to the observance of "ordinary diligence;" such care and diligence as a man of ordinary prudence, bestows on his own affairs.—*Moore v. Mayor etc. of Mobile,* 1 Stewart, 184, 187; *Jones v. Hatchett,* 14 Ala. 743, 745.

The rule of law is that if a bailee, (such as a warehouseman) fails to deliver the goods, intrusted to him, on demand, or does not account for said failure, "*prima facie,* negligence will be imputed to him, and the burden of proving a loss without the want of ordinary care is devolved upon him."—*Seals v. Edmonson,* 71 Ala. 509. The burden is on him to show that the goods "perished," were destroyed, lost or stolen, notwithstanding he had employed ordinary diligence in preserving it.—*Haas v. Taylor,* 80 Ala. 459, 465; *Prince v. Ala. State Fair,* 106 Ala. 341, 346, 347; *Davis v. Hurt,* 114 Ala. 146, 149, 150.

In this case the defendant's agent testifies that the depot in which the goods were kept, was a safe and secure place, and that it was kept locked at night, and also in the day, whenever defendant's employes were not present. This being all the evidence on that subject, we think it was for the jury to determine, whether or not that was ordinary care. Consequently there was no error in the refusal of the court to give charge No. 2 requested by the defendant.

Charge No. 3, requested by the defendant, was properly refused by the court, as shown by the authorities heretofore cited.

Charge No. 4, requested by the defendant was properly refused. This charge was abstract, there not being any testimony to show that Aldredge "received the goods from the agent." On the contrary, the evidence is clear that said goods never went out of the possession of defendant's agent until they were lost.

For considerations before stated, there was no error in the refusal of the court to give charge 6, requested by the defendant.

There was no error in the refusal of the court to give charge No. 7, requested by the defendant, as shown by the authorities heretofore cited.

The court erred in overruling the objection to the question to Aldredge as to how far plaintiff lived from Attalla, and also in refusing to give charge No. 8, as the distance of plaintiff's residence from Attalla had no legal bearing on the issue involved in this case.

Charge No. 9, requires too high a degree of proof.

The refusal to give charge 10, was cured by giving charges 5 and 11.

The judgment of the court is reversed and the cause remanded.

McCLELLAN, C. J., TYSON and ANDERSON, J.J., concurring.