Nellis *v.* Turner.

---

## Nellis *vs.* Turner.

Where a justice returned to a *certiorari,* that on a demurrer to a plea in abatement in the cause before him he decided that the plea was sufficient, "and discharged the defendant from arrest and entered the proceedings in his docket as above stated, and on the margin thereof noted my costs 50 cents;" *held,* that there was no judgment which could be affirmed or reversed.

Error to the Montgomery common pleas. Turner sued Nellis before a justice by warrant. The defendant pleaded in abatement, for the purpose of showing that it was not a case for a warrant, and made affidavit to the truth of the plea. The plaintiff demurred to the plea, and the defendant joined in demurrer. The return of the justice then proceeds as follows: "The issue being so joined by the parties, the court decided that the plea was sufficient, and discharged the defendant from arrest. And I entered the proceedings on my docket as above stated, and on the margin thereof I say on said docket, my costs 50 cents, const. 37½. All which I send," &c. The plaintiff sued out a *certiorari,* and the common pleas reversed what they called the judgment of the justice, and gave $20 costs against the defendant, who now brings error.

*J. Wendell,* for the plaintiff in error.

*Genter & Cook,* for the defendant in error.

*By the Court*, BRONSON, Ch. J. The justice decided that the plea was sufficient, and discharged the defendant from arrest. Whether he was right or wrong is not a material inquiry; for he rendered no final judgment for or against either party, and there was nothing which the common pleas could properly reverse. In *Elwell* v. *McQueen*, (10 *Wend*. 519,) there was a formal judgment, and the only difficulty was, that the justice had called it a judgment of nonsuit, when in its nature it was a bar to another action. So also in *Hall* v. *Tuttle*, (6 *Hill*, 38,) there was a formal judgment, and the only question was whether it had been entered in the docket at the proper time. But here there was no judgment which the common pleas could either reverse or affirm. The case of *Monnell* v. *Weller*, (2 *John. R.* 8,) is directly in point.

Judgment reversed.