## SLAMAN *vs.* BUCKLEY.

Where an action was brought, in a justice's court, for taking personal property, and the defendant put in an answer containing a general denial, and the justice, in his return, stated that he entered "judgment for damages, with costs, $2.74," without stating in whose favor; *Held* that it was to be inferred, from the return, that the justice rendered judgment against the defendant, for some amount of damages, with $2.74 costs; no claim being alleged or proved, to authorize the justice to award damages to the defendant.

*Held also*, that if the judgment was in reality for the defendant, the plaintiff should have procured an amended return to show that fact.

THIS action originated in a justice's court. The complaint charged the defendant with taking a wagon and part of a harness from the plaintiff's barn, without his consent, in the fall of 1856; and that the wagon was returned broken; but that the part of the harness taken, was never returned. The answer was a general denial of each and every allegation contained in the complaint. The action was tried without a jury. The only statement in the justice's return, from which it can be ascertained what judgment he rendered, is in these words, namely: "The case was submitted on the 12th day of June, and on the 15th day of June I entered in my docket judgment for damages, with costs, $2.74." The plaintiff appealed from the judgment to the Chemung county court, where it was reversed, and judgment was rendered against the defendant for $34.61 costs. The defendant appealed from that judgment to this court. All other facts necessary to a correct understanding of the decision of this court, are contained in the following opinion.

*F. Phelps*, for the plaintiff.

*Jackson & Mead*, for the defendant.

*By the Court*, BALCOM, J. I am of the opinion the justice's return shows that he rendered a judgment against the

defendant for some amount of damages, with $2.74 costs. This is the only legitimate inference that can be drawn from the return. No claim was alleged, or proved, to authorize the justice to award damages to the defendant. The plaintiff, only, could recover damages, under the pleadings. No presumption, therefore, can be indulged that the justice rendered a judgment for *damages* in favor of the defendant. If the plaintiff was in reality beaten by the justice, he should have procured an amended return to show that fact. Not having done so, the judgment must be regarded as given in his favor for some amount of damages not stated.

It cannot be said that no judgment was rendered by the justice which could be affirmed or reversed by the county court, as is argued by the defendant's counsel, on the authority of *Nellis* v. *Turner*, (4 *Denio*, 553.)

A party may have a judgment of a justice of the peace, in his own favor, reversed, when he has recovered a less sum than the evidence shows he was entitled to. (*Bissell* v. *Marshall*, 6 *John*. 100.) But in this case it is impossible to ascertain, from the return of the justice, what amount of damages the plaintiff recovered; hence, the county court could not say the judgment of the justice was too small.

If the justice erred in permitting the defendant to prove he said to the plaintiff's servant, when he got the wagon, in the absence of the plaintiff, that he had spoken to the plaintiff about the wagon, and it would be all right, the error should be disregarded, as there is no data in the case from which to infer that it affected the merits. (*Code*, § 366.) For aught that appears, the plaintiff recovered all the damages the evidence authorized. But I am of the opinion, what the defendant said, when he got the wagon, was admissible as part of the *res gestœ;* and that therefore the justice committed no error prejudicial to the plaintiff, in receiving it. (*See* 1 *Greenl. Ev.* § 108 ; *Cowen & Hill's Notes*, 592 *to* 606 ; 1 *Denio*, 141; 9 *Barb*. 271.)

For the foregoing reasons the judgment of the county court should be reversed, and that of the justice affirmed with costs.

Decision accordingly.

[CHENANGO GENERAL TERM, May 10, 1859.   *Mason, Balcom* and *Campbell,* Justices.]