## BEEMIS VS. WYLIE.

In replevin before a justice, if he finds for the plaintiff he should find the value of the property, and that the plaintiff is entitled to the possession, and should assess his damages for the unjust taking and detention; and should then enter an order on his docket, that the officer deliver the property to the plaintiff.

Where none of these things appear to have been done, but the *docket entry is* merely that "a trial was had, and judgment was rendered against the defendant for  *  *  the property claimed," there is no judgment which can be either affirmed or reversed on *certiorari,* or regarded as valid in a collateral action.

APPEAL from the Circuit Court for *Walworth* County.

Replevin, for a cow alleged to have been taken by the defendant, April 22d, 1861, from the possession of the plaintiff, who had levied upon the same as a constable on the 18th of the same month, on an execution against one Nickerson, under a judgment against Nickerson in favor of one Bullen, rendered by Z. B. Burke, Esq., a justice of the peace in said county. The defendant answered that the right of possession of said cow had been adjudged by Lot. Mayo, Esq., a justice of the peace in said county, to be in said Nickerson; that defendant as sheriff delivered the cow to Nickerson; and that plaintiff had never acquired a right to the possession. On the trial, after the plaintiff had made a *prima facie* case, the defendant put in evidence the docket entries of said Mayo, in the case of *Nickerson v. Bullen and Beemis.* The entry of judgment was in these words: "A trial was had and judgment was rendered against the defendant for the one cow, the property claimed." The circuit court instructed the jury that the plaintiff's right to recover the cow in question seemed to

have been adjudicated in the above named case, and that although the entry of judgment was irregular, still it was evidence to go to the jury showing that the question of title had been adjudicated in that case against the plaintiffs in this action, and it was sufficient to defeat his recovery in this action. Verdict and judgment for the defendant; and the plaintiff appealed.

*Geo. B. Smith,* for appellant, cited *Heeron v. Beckwith,* 1 Wis., 17, and *Ford v. Ford,* 3 id., 399, to show the insufficiency of the entry of judgment.

*Ed. Elderkin* and *E. Wakeley,* for respondent, argued, among other things, that the judgment of justice Mayo, though imperfect, was not *void.* The defendant in that action should have appealed; but the judgment cannot be attacked collaterally, and held for naught in this action.

*By the Court,* DIXON, C. J. The decision in the court below turned entirely upon the effect of the judgment of justice Mayo in the action of *Nickerson v. Bullen and Beemis;* and that is the only question here. The circuit court held that the judgment was valid, and that the plaintiff was estopped. We are inclined to the contrary opinion. It seems to us that such a judgment cannot be sustained and that it is void. The action was replevin, and the statute required the justice to find the value of the property and that the plaintiff was entitled to the possession, and to assess his damages for the unjust taking or detention. This done, he was to enter an order in his docket that the officer deliver the property to the plaintiff. R. S., chap. 120, sec. 144. None of these things were done. The docket entry is in these words: "A trial was had, and judgment was rendered against the defendant for the one cow, the property claimed." It seems to us that so great a departure from the requirements of the statute ought not to be tolerated. The judgment of a justice of the peace should be as certain in matters of substance as the judgment of a court of record.

*Rood v. School District*, 1 Doug. (Mich.), 502; *Howard v. The People*, 3 Mich. (Gibbs), 209. In *Monnell v. Weller*, 2 Johns., 8, the justice nonsuited the plaintiff but awarded no costs, and the supreme court, upon *certiorari*, held the judgment incomplete, and incapable of reversal or affirmance, and therefore gave no judgment. And in *Nellis v. Turner*, 4 Denio, 553, where a justice returned to a *certiorari*, that on a demurrer to a plea in abatement in the cause before him, he decided that the plea was sufficient, "and discharged the defendant from arrest, and entered the proceedings in his docket as above stated, and on the margin thereof noted my costs 50 cents," it was held that there was no judgment which could be affirmed or reversed. And in this case we think the judgment, the whole entry of which is given above, is so defective and incomplete that it could neither be affirmed nor reversed on *certiorari*; and where such is the case, we think it must be collaterally disregarded.

Judgment reversed, and a new trial awarded.