## COMMONWEALTH *vs.* DENNIS CALHANE.

Error in the mode of swearing witnesses or the form of conviction and judgment in the court appealed from is no ground of dismissal or arrest of judgment in the appellate court.

COMPLAINT to the police court of Haverhill for an unlawful sale of intoxicating liquors.

The record of that court stated that the defendant, upon being arraigned, pleaded not guilty, and afterwards " files plea in abatement and motions to quash, both which are overruled. After hearing divers witnesses duly sworn to testify the whole truth, and fully understanding the defence of said defendant, it is adjudged by said court that said defendant is guilty of said offence," and be sentenced to pay a fine and costs, and he appealed to the superior court, and entered into a recognizance to prosecute his appeal.

In the superior court, before the empanelling of the jury, the defendant moved to dismiss the appeal, because it appeared by the record of the police court that the witnesses who testified in that court were not duly sworn according to law, and there was no legal conviction and judgment in that court. *Scudder*, J., overruled the motion, and the defendant then pleaded guilty, and moved in arrest of judgment for the same reasons. This motion was likewise overruled, and the defendant alleged exceptions.

*C. J. Noyes*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

Commonwealth *v.* Calhane.

BY THE COURT. The appeal avoided the judgment of the police court, and rendered immaterial all questions of the form of that judgment or the correctness of the previous proceedings in that court. *Commonwealth* v. *Tinkham*, 14 Gray, 12. *Commonwealth* v. *McCormack*, 7 Allen, 532.

*Exceptions overruled.**

---

* A similar decision was made in Hampshire at September term 1873 in the case of

COMMONWEALTH *vs.* WILLIAM J. SHEEHAN.

THIS was a complaint for keeping intoxicating liquor for unlawful sale, made on December 17, 1872, to Albion P. Peck, a trial justice for that county, whose record recited that the defendant was brought before him on that day, "and said complaint is read to him, and being asked whether he is guilty or not of the offence within charged upon him, says he is not guilty of said offence and waives examination, and fully understanding the defence of said defendant it is adjudged by the said trial justice that said defendant is guilty of said offence," and that he be sentenced to pay a fine and costs, and be committed to the house of correction for twenty days, from which sentence he appealed.

In the superior court, on the appeal, the defendant moved for a dismissal of the complaint on the ground that by the record of the trial justice it was manifest "that there was no proper conviction before him, in that the defendant was allowed to waive examination, and on a plea of not guilty and waiver of examination was convicted and sentenced without examination, and so there was no proper appeal." The motion was overruled by *Bacon*, J., and the defendant was tried and found guilty, and alleged exceptions.

*W. G. Bassett,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

BY THE COURT. The appeal vacated the whole proceedings before the magistrate, and rendered the alleged irregularities immaterial. *Commonwealth* v. *Calhane, ante,* 431, and cases there cited. *Exceptions overruled.*