## COMMONWEALTH vs. JOHN HARVEY.

Formal objections to a complaint, taken for the first time on appeal after a conviction in a
municipal court, are invalid by the St. of 1864, c. 250, § 2.

An objection to the service of the warrant issued upon a criminal complaint cannot be made
for the first time on appeal after a conviction in a municipal court.

An assistant clerk of the Municipal Court of the city of Boston has authority to attest copies
of the record to be transmitted to the Superior Court.

Irregularity in the proceedings upon a complaint in a municipal court is no ground for
dismissing the complaint on appeal.

COMPLAINT to the Municipal Court of the city of Boston, by
William M. Strachan, "state constable," alleging that John Har-
vey, on May 8, 1872, at Boston, "did keep intoxicating liquors,
the said intoxicating liquors being other than ale, porter, strong
beer, lager bier or cider, with intent to sell the same in this Com-
monwealth," not being lawfully authorized.

The record of the Municipal Court alleged that the defendant
was brought before the court by virtue of a warrant to answer to
the Commonwealth on the complaint of William M. Strachan,
" state constable ; " that on May 11, 1872, he pleaded not guilty ;
that the further consideration of the complaint was continued to
May 14 ; that after hearing the testimony of witnesses and the
defence of Harvey, the court adjudged him guilty, and sentenced
him ; and that he appealed. The copy of the record sent to the
Superior Court was attested by " Charles A. Barnard, Assistant
Clerk." In the Superior Court, before the jury were empanelled,
the defendant moved to quash the indictment for the following
reasons :

Because it did not appear with sufficient certainty whether the
defendant was charged with any violation of law whatsoever, or
whether he was charged with having kept on May 8, 1872, ale,
porter, strong beer, lager bier or cider, with intent to sell said
ale, porter, strong beer, lager bier or cider, or whether he was
charged with keeping intoxicating liquors other than ale, porter,
strong beer, lager bier or cider, with intent to sell said other in-
toxicating liquors in violation of law ; because it did not appear
with sufficient certainty that the defendant was charged with

keeping intoxicating liquor with intent to sell in this Commonwealth; because the office and addition of the complainant is misdescribed and misstated, and there is no officer known to the law as state constable; because the copy of the complaint, and the copy of the judgment of the Municipal Court were not certified to be true copies of the records of said court by the clerk thereof, and it did not appear by the record of the Municipal Court that the clerk thereof was unable to act or was absent from his duties, or that there was any legal or necessary reason for the assistant clerk to act in his place and stead in any part of the proceedings; and because it did not appear by the record that the defendant had any trial in the court below, or on what day, if any, he was tried, or that he was present at the trial if any was had, or that he was present at the passing of sentence.

*Bacon*, J., overruled the motion, and the defendant, having been tried and convicted, alleged exceptions.

*C. F. Donnelly*, for the defendant.

*J. C. Davis*, Assistant Attorney General, for the Commonwealth.

GRAY, J. All the points made in this case are covered by previous decisions. The objections to the complaint were formal, and not having been made in the Municipal Court, to which the complaint was originally presented, were not open in the Superior Court. *Commonwealth* v. *Walton*, 11 Allen, 238. *Commonwealth* v. *Vincent*, 108 Mass. 441. The objections to the service of the warrant could not be made for the first time in the Superior Court. *Commonwealth* v. *Henry*, 7 Cush. 512. *Commonwealth* v. *Gregory*, 7 Gray, 498. The attestation of the record by the assistant clerk of the Municipal Court was sufficient. *Commonwealth* v. *Clark*, 16 Gray, 88. *Commonwealth* v. *Connell*, 9 Allen, 488. Any irregularity in the proceedings of the Municipal Court presented no ground for dismissing the complaint in the court appealed to; for the appeal vacated the judgment below and gave the defendant his full rights in the court above. *Commonwealth* v. *O'Neil*, 6 Gray, 343. *Commonwealth* v. *Tinkham*, 14 Gray, 12. *Commonwealth* v. *McCormack*, 7 Allen, 532.

*Exceptions overruled.*