## PUNCHEON VS. HILL.

REPLEVIN: JUSTICE OF THE PEACE: APPEAL. (1) *Error to dismiss appeal from justice's judgment in replevin, when not void.* (2) *On appeal from such dismissal, defects in judgment not considered here.*

1. Replevin, in justice's court. Defense, that defendant had levied upon and held the property under an execution against plaintiff upon a judgment for $15.45 and costs. The justice rendered judgment " against plaintiff and in favor of defendant for costs, and that defendant is entitled to the possession of the property, valued at $12." *Held*, that this judgment was not so defective as to be *void*, and it was error for the court below to dismiss on that ground an appeal therefrom.

2. On appeal to this court from such judgment of dismissal, the question whether the justice's judgment was so defective that it should have been *reversed*, cannot be considered.

APPEAL from the Municipal Court of the City of *Ripon*.

Replevin, commenced before a justice of the peace. Judgment for defendant, from which plaintiff appealed to the municipal court. That court dismissed the appeal, on defendant's motion; and plaintiff appealed from the judgment of dismissal. The facts are fully stated in the opinion.

*A. B. Hamilton*, for appellant, contended that the justice's judgment, although irregular, was not void. This question has been before this court in a great number of cases, and judgments have been reversed for irregularities, but in only one instance has the judgment been held void, viz., in *Beemis v.*

Puncheon vs. Hill.

*Wylie*, 19 Wis., 318, and then because none of the require-
ments of the statute were complied with.

*Runals & Bradish, contra:*

The judgment in this case shows an almost total disregard
of statutory requirements. It also wants essential findings of
issues made by the pleadings. It fails to assess defendant's
damages for the caption and detention of the goods replevied;
to adjudge that he recover such damages; or to find the value
of the goods replevied, the value of defendant's special prop-
erty, or the title to the goods. A judgment of a justice must
be as full and certain in all matters of substance as the judg-
ment of a court of record; and a justice's judgment in replevin,
which fails to conform to the statute which gives the remedy,
is *void*, and may be disregarded even collaterally. 23 How.
Pr., 361; 3 Chand., 183; *Beemis v. Wylie*, 19 Wis., 318.

COLE, J. The municipal court dismissed the appeal on the
ground that it had no jurisdiction. That is, the municipal
court held that the judgment of the justice was void, and that
therefore there was nothing to affirm or reverse. This view,
we think, was incorrect. The justice had jurisdiction of the
parties and of the subject matter of the action. About this no
question is made. But it is said the justice totally failed to
conform to the requirements of the statute in rendering judg-
ment, and that the judgment is a mere nullity. The action
was replevin, for the recovery of a cook stove and furniture.
The affidavit stated that the property was of the value of $12,
and that it had been unjustly taken and was unjustly detained
by the defendant. The answer was the general denial, and, for
a further defense, alleged that the defendant had levied upon
and held the property under an execution against the plaint-
iff, which was issued upon a judgment against the plaintiff,
and in favor of one Dunham, for $15.45 and costs. On the
trial the justice rendered a judgment in the following form,
viz: "After hearing testimony (for which see minutes), I ren-

.dered judgment against plaintiff and in favor of the defendant for costs, and defendant is entitled to the possession of the property, valued at $12."

Quite a number of objections are taken to the sufficiency of this judgment: such as, that it is defective for not assessing damages for the caption and detention of the goods; that it does not find the value thereof, nor who is the general owner; nor determine the extent of the special property of the defendant. The judgment may be defective and erroneous in some of these particulars; but it is very plain that it is not void. It is not like the case of *Beemis v. Wylie*, 19 Wis., 319, where it was held that the judgment of the justice was so defective and incomplete that it did not amount to a judgment. Strictly speaking, the only question before us is, whether the judgment rendered by the justice is so incomplete and defective in all the essentials which constitute a judgment, that it is not only voidable for error but void. It seems to us impossible to say that the judgment is void.

The municipal court, upon looking into the record returned by the justice, might find sufficient error to warrant a reversal of the judgment. About this we can express no opinion on this appeal. *Hicken v. Alden*, 26 Wis., 40; *McNamara v. Spees*, 25 id., 539; *Morse v. Spees*, id., 543.

*By the Court.*— The judgment of the municipal court, dismissing the appeal, is reversed, and the cause is remanded for further proceedings.

RYAN, C. J., took no part in the decision of this cause.