## COMMONWEALTH vs. JOHN HOLMES.

Bristol. Oct. 26. — Nov. 29, 1875. MORTON, J., absent.

Where a count in an indictment charges two offences precisely alike, the fault is cured by the election of the prosecutor to proceed upon one charge only, and his entering a *nolle prosequi* as to the others.

Irregularity in the proceedings upon a complaint in a District Court is no ground for dismissing the complaint on appeal.

At the trial, on appeal from a District Court, of a complaint for a sale of intoxicating liquors, in which the prosecution enters a *nolle prosequi* as to all the offences charged except one, and a conviction is had upon that one, the presumption, in the absence of evidence to the contrary, is that the conviction in the District Court was for the same offence.

At the trial of a complaint for the sale by the defendant of intoxicating liquors in violation of law, evidence that the defendant's son sold intoxicating liquors to the person named in the complaint in a public house kept by the defendant, and in which his son was clerk, is sufficient evidence to be submitted to the jury of a sale by the defendant, and to warrant a conviction.

COMPLAINT to the First District Court of Bristol, alleging that the defendant, at Mansfield, on August 14, 1875, "unlawfully did sell to one William Tilson, also to one William G. Tufts, also to one Curtis M. Brown, also to one Charles James, also to one Alden Fuller, also to one Willard A. White, also to one Enos L. Williams, also to one Harvey H. Barrows, intoxicating liquor, he the said John Holmes not having then and there any license, authority or appointment according to law to make such sale, against the peace of said Commonwealth and contrary to the form of the statute in such case made and provided."

The defendant moved to quash the complaint on the following ground: " More than two separate and distinct offences are set forth in the same count in the complaint. Two or more counts describing different offences are set forth in the same complaint, not depending upon the same facts or transactions, and there is no averment that they are different descriptions of the same act."

This motion was overruled, the defendant was tried and found guilty, and appealed to the Superior Court.

The record of the District Court, after reciting the allegations of the complaint, and stating that the defendant pleaded not guilty, proceeded as follows: "And now, after a full hearing and examination in said case, it appears to said court that said John Holmes is guilty. It is therefore considered and ordered by said court that said defendant, for the offence aforesaid, pay a fine of fifty dollars to the use of the county of Bristol, and costs of prosecution taxed at eighteen dollars and five cents, and that he stand committed until said sentence be performed. From which sentence the said John Holmes appeals to the Superior Court, next to be holden at Taunton, within and for the county of Bristol, on the second Monday of September next, and recognizes with sufficient sureties in the sum of two hundred dollars to prosecute said appeal there, as the law directs."

At the trial in the Superior Court, before *Wilkinson, J.*, the district attorney entered a *nolle prosequi* as to all the allegations in the complaint of sales to other persons than White, and the defendant was tried only upon the allegations of the sale to White.

Willard A. White testified that, about the middle of May, 1875, in a room in the defendant's house, he bought whiskey of the defendant's son, John B. Holmes, and paid him for it; that one Weaver and one other person was present, and they all drank a glass together.

Weaver testified that he was present on the occasion, testified to by White, and had some liquor with him, which was delivered to them by the defendant's son, but he did not know whether it was paid for or not. Both witnesses testified that they saw nothing of the defendant in or about the premises on that day.

Jacob A. Blake, a deputy sheriff, living in Mansfield near the defendant, testified that the house, where the sale testified to was made, was a public house known as the Eagle Hotel, and kept by the defendant; that there was a sign in front of the house in which were the words " Eagle Hotel, John Holmes ; " that in a newspaper at Mansfield he had seen an advertisement of the hotel, in which among other things were the words, " Eagle Hotel, John Holmes, proprietor. John B. Holmes, clerk."

The defendant testified that he was the proprietor of the hotel, that he did not sell or keep liquor for sale, that he had no knowledge of the transaction testified to by White, and if it occurred it was without his authority or consent; that he had liquor in that room ; that it belonged to him; that he had it for his own use ; that he occasionally treated his friends or guests, but never sold or authorized any one to sell it. On cross-examination, he testified that his son, who was about twenty years of age, acted as clerk, and delivered to him the money received by him at the hotel; but on examination by his counsel, testified that he never delivered to him money which was the proceeds of the sale of liquor, and he had no knowledge of his selling any.

The defendant requested the judge to rule and instruct the jury that this evidence was not sufficient to warrant a conviction. The judge refused so to rule, and the case was submitted to the jury under instructions not excepted to, except as above, and a verdict of guilty was returned.

The defendant then filed a motion to set aside the verdict, on the ground that " the verdict was not warranted by the evidence, and was against the weight of the evidence, and not warranted by law upon the record." This motion was overruled.

The motion to quash the complaint was renewed in the Superior. Court, and was overruled; and the defendant filed a motion in arrest of judgment, on the following grounds:

" Because his motion to quash, regularly filed in the court below and made a part of this motion, was overruled by this court after the district attorney had entered a *nolle prosequi* as to all the allegations of sale to the several persons named in the complaint except as to the sale alleged to have been made to Willard A. White; and he says that it does not appear from the record of judgment of the court below which is made a part hereof, that he was in said court convicted of the offence of making a sale to Willard A. White, or to which of the several persons named in said complaint to whom he is alleged to have made a sale of liquor he was convicted of making a sale, neither does the complaint allege a joint sale. And that, therefore, the record as it stood did not warrant a trial upon the question of a sale to Willard A. White alone, it not appearing by the record what particular sale or sales he was convicted of making, and from a conviction on which he had appealed.

" Because said record of judgment from the court below is irregular and insufficient to show for which or on what offence he was convicted in the court below, and would not warrant a confining of the evidence to that particular act alone, and because his said motion to quash should have been allowed."

This motion was overruled; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. When one count in an indictment charges two offences, distinct in kind and requiring distinct punishments, the objection of duplicity has been allowed in arrest of judgment. *Commonwealth* v. *Symonds*, 2 Mass. 163. *State* v. *Nelson*, 8 N. H. 163. *People* v. *Wright*, 9 Wend. 193. But when the two offences are precisely alike, the only reason against joining them in one count is that it subjects the accused to confusion and embarrassment in his defence; the objection is not open after a verdict of guilty of one offence only, but must be taken by motion to quash, or to compel the prosecutor to confine himself to one of the charges; and the fault is cured by his electing to pro-

ceed upon one charge only, and entering a *nolle prosequi* as to. the others. *Commonwealth* v. *Tuck*, 20 Pick. 356, 361, 362. *Commonwealth* v. *Cain*, 102 Mass. 487. *State* v. *Merrill*, 44 N. H. 624.

The appeal from the judgment of the District Court vacated that judgment, and rendered immaterial the overruling of the motion to quash in that court and all other errors and irregularities in the proceedings there. *Commonwealth* v. *Harvey*, 111 Mass. 420. *Commonwealth* v. *Calhane*, 108 Mass. 431. *Commonwealth* v. *Sheehan*, 108 Mass. 432 note. In the Superior Court, the district attorney entered a *nolle prosequi* as to all the offences charged, except the sale to White, and the defendant was tried for that offence only. The presumption, in the absence of evidence to the contrary, is that his conviction in the District Court was for the same offence. *Commonwealth* v. *Fields*, *ante*, 105, and cases cited.

The evidence that the defendant's son sold intoxicating liquors to White in a public house kept by the defendant, and in which his son was clerk, was sufficient evidence to be submitted to the jury of a sale by the defendant through his son as his agent, and to warrant a conviction. *Exceptions overruled.*