The State vs. Haas.

THE STATE VS. HAAS.

*April 26 — May 10, 1881.*

CRIMINAL LAW, etc. JURISDICTION. *Appeal from void judgment in criminal action.*

52    407
115    2 52

1. On appeal from a justice's judgment in a criminal action, the circuit court tries the case *de novo*.
2. In a prosecution for a misdemeanor, where a justice's court, having jurisdiction of the subject matter and of the defendant's person, renders a judgment wholly unwarranted by law, and void for that reason, an appeal by the defendant from such judgment nevertheless gives the circuit court jurisdiction.

REPORTED from the Circuit Court for *Jackson* County.

The prosecution in this case, for the misdemeanor described in the opinion, was commenced in a justice's court, and taken by appeal to the circuit court, where defendant was found guilty of the offense charged. Thereupon the circuit judge reported the cause to this court for its decision upon the two questions stated in the opinion.

For the plaintiff there was a brief signed by *Alex. Wilson*, Attorney General, and *T. B. Chynoweth*, of counsel, and oral argument by *Mr. Chynoweth:*

Even if it be conceded that the judgment of the justice was void, the circuit court acquired jurisdiction of the action on appeal from such judgment. In civil cases, on appeal from justice's judgments the appellate court takes jurisdiction of the cause to try it *de novo*, irrespective of and wholly disconnected from errors in the judgment or in the form of the judgment. In such cases no objection can be made to the judgment for any cause. The appeal is a continuation of the original suit for the purpose of obtaining a new trial and a new judgment. The whole cause is brought before the appellate court as if it had been originally commenced there, and proceeds as if no proceedings had taken place in any other court. The appellate court does not act as a court of error. *Bixby v. Harris*, 26 N. H., 125; *Touhy v. Rector*, 26 Ark., 315; *Inhabitants of Leyden v. Sweeney*, 118 Mass., 418; *Curtiss v. Beardsley*, 15 Conn., 518; *Brewer v. Murry*, 7 Blackf., 567; *Moore v. Wait*, 1 Binn., 219; *Campbell v. Howard*, 5 Mass., 376; *Washburn v. Washburn*, 10 Pick., 374; *Darling v. Conklin*, 42 Wis., 478. See also *Shaw v. Webster*, 18 Wis., 498; *State v. Preston*, 34 id., 675. A similar doctrine must be held to be applicable to appeals in criminal cases. In the absence of statutory provisions to the contrary, the mere giving, by statute, of the right to appeal from a criminal judgment vests the appellate court, by necessary implication, with power to hear the whole case anew and as if an original one. *Vroman v. Dewey*, 22 Wis., 323. And the statute contemplates a new trial and a new judgment, instead of a trial upon the record of the justice. R. S., secs. 4714–4717. See *Kates v. Thomas*, 14 Minn., 462. The judgment of the justice and its form are not material to such new trial, and cannot be considered for the purpose of affecting the appeal, where the lower court had jurisdiction of the offense charged and of the person of

the defendant, and where the trial and establishment of the guilt of the defendant were fair and legal. If the sentence be void, the defendant may omit to appeal; allow himself to be committed by the justice and then procure his discharge on *habeas corpus;* but, having appealed, he loses this remedy, and all remedy for defects in the judgment. *Comm. v. O'Neil,* 6 Gray, 343; *Comm. v. Tinkham,* 14 id., 12; *Comm. v. McCormack,* 7 Allen, 532; *Comm. v. Calhane,* 108 Mass., 431; *Comm. v. Sheehan,* id., 432, note; *State v. Tiner,* 13 Minn., 520; *State v. Bliss,* 21 id., 458. See also *Territory v. Conrad,* 1 Dak., 363; *Cordova v. State,* 6 Tex. App., 445; *Washburn v. Belknap,* 3 Conn., 502; *State v. Kinney,* 41 Iowa, 424; *Benedict v. State,* 12 Wis., 313; *Lacy v. State,* 15 id., 13.

*S. U. Pinney,* for the defendant:

The judgment of the justice is void for uncertainty, because in the alternative. Such a judgment is not authorized by the statute. Judgments in criminal cases must be in strict accordance with the statute under which they are rendered. *Haney v. State,* 5 Wis., 529; *Taylor v. State,* 35 id., 298; Barbour's Crim. Law, 614; *Morris v. State,* 1 Blackf., 37; *State v. Bennett,* 4 Dev. & Bat., 43, 50; *Regina v. Woodside,* 7 Cox, 238. Justices' judgments are required to be as certain, even in civil cases, in matters of substance, as judgments in courts of record. *Beemis v. Wylie,* 19 Wis., 318; *Swift v. Cornes,* 20 id., 397. The judgment in this case is not a judgment; it is simply a void proceeding. *In re Pierce,* 44 Wis., 454. The failure of the court to render a legal judgment within the time prescribed by law worked a discontinuance; and the justice lost jurisdiction both of the particular subject matter and of the parties. He having no jurisdiction to render such a judgment, and it being a nullity, the circuit court acquired no jurisdiction by the appeal. It was its duty to dismiss the action, which would nullify and put an end to the proceedings in both courts. *Klaise v. State,* 27 Wis., 462, 464; *Butler v. Wagner,* 35 id., 58. See also *Hepler v. State,* 43 Wis., 479.

COLE, C. J.   The first question reported by the learned circuit judge for our decision is this: " Was there a want of jurisdiction in the justice's court, by reason of any defect in the justice's judgment, which prevented the circuit court from obtaining jurisdiction of the action by the appeal taken? " We are of the opinion that this question must be answered in the negative.   The defendant was prosecuted before a justice of the peace, under section 1550, R. S., for selling intoxicating liquors without a license.   He was found guilty, and the justice rendered judgment against him in the following language: " Whereupon the court finds from the testimony that the defendant is guilty of the offense as charged, and adjudges that he pay a fine of $40 and costs of action, taxed at $8.55, or be confined in the county jail for the term of fifty days." The defendant, on the day the judgment was rendered, appealed therefrom to the circuit court.   When the cause came on for trial in that court, he moved to dismiss the appeal, and for his discharge, upon the ground that there was no sufficient judgment to sustain the appeal, and that the court had not acquired jurisdiction thereby to entertain and try the action. The motion to dismiss was overruled, and a trial had on the merits, when the defendant was found guilty of the offense charged in the complaint.

The statute regulating the punishment in this class of cases provides that a person selling intoxicating liquors without a license shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished therefor by a fine of not less than $10 nor more than $40, besides costs of suit; or, in lieu of such fine, by imprisonment in the county jail of the proper county not to exceed sixty days nor less than twenty days; and, in case of punishment by fine, such person shall, unless the fine and costs be paid forthwith, be committed to the county jail of the proper county until such fine and costs are paid, or until discharged by due course of law.   Section 1550.   Now, it is claimed by the learned counsel for the defendant, that a

judgment in this alternative form is wholly unwarranted, and is void for uncertainty. This position is not seriously controverted by the learned counsel for the state. But the question arises, What legal consequences follow, in view of the fact that the defendant appealed therefrom to the circuit court? On the part of the defendant it is contended, that the failure of the justice to enter a legal judgment within the time prescribed by law worked a discontinuance of the action, so that the justice lost jurisdiction both of the subject matter and of the person, and that no appeal would lie from this void judgment. On the other hand, it is said that even if the judgment was void, still the defendant might appeal therefrom as from a proper judgment, and the circuit court would acquire jurisdiction of the cause by the appeal.

Now, assuming the judgment to be void, the inquiry is as to the effect of the appeal therefrom to the circuit court. It is not claimed there was any defect in the jurisdiction of the justice prior to the rendition of the judgment. Up to that stage of the proceedings the justice confessedly had jurisdiction both of the person and subject matter of the action — an important fact which distinguishes the case from *Klaise v. The State*, 27 Wis., 462. In that case it was decided that where the inferior court has no jurisdiction of the subject matter of the action, the superior court acquires none on appeal — a principle which is very obvious. In *Butler v. Wagner*, 35 Wis., 54, and *Cooban v. Bryant*, 36 Wis., 605, the same doctrine is affirmed. But here there was no want of jurisdiction on the part of the justice, either as to person or subject matter, up to the time when judgment was rendered. The case is also unlike that of *Hepler v. The State*, 43 Wis., 479, upon which the defendant's counsel strongly relies to support his position that the failure of the justice to render a legal judgment within the time prescribed by law worked a discontinuance of the action. In the *Hepler Case*, which was a prosecution for selling intoxicating liquor without license, the defendant was found guilty by the justice. He took his

appeal to the circuit court, where judgment was again rendered against him. On error to this court it was held that, as it appeared from the return of the justice that an interval of three days intervened between the return of the warrant and judgment, and it did not appear that the case was continued for cause, the justice lost jurisdiction before the conviction. The statute required the justice, on the return of the warrant with the accused, to proceed to try and determine the case within one day, unless it was continued for cause. The principle of that decision is — though it is not stated by the chief justice in so many words,— that as it appeared on the face of the proceedings that the jurisdiction of the justice to convict was lost before judgment, the circuit court would not take jurisdiction by the appeal. The *ratio decidendi* of that decision is plain. If the justice had lost jurisdiction before conviction, the cause was no longer in court; consequently there was nothing for the appeal to act upon — no case, in fact, to be removed to the circuit court. But it is manifest that the rule of that decision does not afford a safe guide, or rather is not in point here; for this case was certainly not out of the court when the justice gave judgment. The proposition is that it was really discontinued by the justice rendering a void judgment. But we fail to perceive how such a result legally follows from the totally unwarranted act of the justice.

It well may be that the judgment was void; that the defendant might have treated it as a nullity. But this he did not see fit to do. He took his appeal, which, we suppose, had the effect, under the circumstances, to open the whole case for a trial *de novo* in the circuit court, as well in respect to the law as the facts of the case. Such, we think, is the necessary result of an appeal in a criminal case under our statute. Chapter 192, R. S. The cause is tried in the circuit court as though originally brought there, and that court awards sentence on conviction, without regard to the judgment rendered by the justice. In other words, the appeal in this case had the effect, as claimed by the counsel for the state, to supersede and vacate

The State vs. Haas.

the judgment of the justice, securing to the defendant a new trial in the circuit court upon all questions of law and fact involved in the case; and upon conviction an entirely new judgment must be rendered by that court. This being the case, the form of the justice's judgment was not material, so that it was sufficient in substance to sustain an appeal, and was not open to the objection taken in *Beemis v. Wylie,* 19 Wis., 318, and *Swift v. Cornes,* 20 Wis., 397. In support of this view counsel cite the following cases, which seem to be directly in point: *Commonwealth v. O'Neil,* 6 Gray, 343; *Commonwealth v. Tinkham,* 14 Gray, 12; *Commonwealth v. McCormack,* 7 Allen, 532; *Commonwealth v. Calhane,* 108 Mass., 431; *Commonwealth v. Sheehan,* id., 432, note; *State v. Tiner,* 13 Minn., 520; and *State v. Bliss,* 21 Minn., 458. Substantially the same rule was laid down in a civil case in the well considered opinion of the late chief justice in *Darling v. Conklin,* 42 Wis., 478. See also *Puncheon v. Hill,* 38 Wis., 156; *Vroman v. Dewey,* 22 Wis., 323.

It follows from these views that there was no want of jurisdiction in the justice's court by reason of the defect in the judgment. The justice had jurisdiction of both the person and subject matter of the action, but gave a judgment which was void at law. Notwithstanding this, however, an appeal lay from such judgment, and the circuit court, by virtue of the appeal, acquired jurisdiction to proceed and dispose of the case upon the law and facts as they should be disclosed on the trial in that court.

The second question submitted for our decision, namely, "Did the appeal in this action give jurisdiction to the circuit court," has been sufficiently answered by what is said on the first question above. It is therefore formally answered in the affirmative, without further remark.

*By the Court.*— The cause will be remitted to the circuit court for further proceedings, with our decision upon the questions submitted.