### COMMONWEALTH vs. JENNIE HOLMES.

Suffolk.   March 31. — May 10, 1884.   DEVENS & COLBURN, JJ., absent.

If a complaint contains several counts, each charging a distinct larceny of the
property of a different person, it is no ground for a motion to dismiss the com-
plaint, on appeal in the Superior Court, that the record of the lower court
shows that, on the complaint being read to the defendant, he was asked whether
he was guilty or not guilty of the "offence" charged; that he pleaded not
guilty and was tried, and convicted "of the offence aforesaid;" and that sen-
tence was imposed "for the offence aforesaid."

COMPLAINT to the Municipal Court of Boston, in four counts.
The first count alleged the larceny of eight feathers, four stock-
ings, one bonnet, and two bonnet ornaments, of the goods of
Eben D. Jordan.   The second count alleged the larceny of one
bag and one skirt, of the goods of John Harrington.   The third
count alleged the larceny of four stockings, of the goods of
William S. Butler.   The fourth count alleged the larceny
of two feathers, one paper of pins, one purse, and one pair of
mitts, of the goods of some person unknown.   Each count
alleged the offence to have been committed on December 8,
1883, at Boston.

The record of the Municipal Court set forth that the defend-
ant was, on December 10, 1883, brought before that court, by
virtue of a warrant under the seal of that court, to answer to
the Commonwealth of Massachusetts, on the complaint, under
oath, of Joseph H. Knox, and set forth the complaint.   The
record then proceeded as follows: "Which complaint is there-
upon read by the clerk of said court, in open court, on the said
tenth day of December to the said Jennie, and the said Jennie
is asked by the court whether she is guilty or not guilty of the
offence charged upon her in manner and form aforesaid, who
pleads and says that she is not guilty, and thereof puts herself
on trial; and the Commonwealth doth the like by said Knox,
and the further consideration of said complaint is then con-
tinued to the fourteenth day of said December, and after hear-
ing divers credible witnesses duly sworn to testify the truth, the
whole truth, and nothing but the truth, relating to the premises,
and fully hearing and understanding the defence of the said

Jennie, it appears to said court that the said Jennie is guilty of the offence aforesaid. Wherefore it is considered by said court that the said Jennie for the offence aforesaid be committed to the House of Correction situated in said Boston, there to be kept at hard labor according to the rules of the same, for the term of three months from this fourteenth day of said December."

In the Superior Court, on appeal, before the jury were empanelled, the defendant moved to dismiss the complaint for the following reasons: " 1. The record is vague and uncertain. 2. No issue was legally joined or tried in the court from which appeal was taken. 3. It does not appear of what offence the defendant was convicted, or from which appeal was had. 4. It does not appear on which of the several larcenies therein mentioned the defendant was tried, or on which the defendant was sentenced. 5. No legal trial was had or sentence legally imposed in the court appealed from. 6. This court has no jurisdiction to implead or try this case." *Staples*, J., overruled the motion; and the defendant excepted.

At the trial, it appeared in evidence that the larcenies charged in the complaint were distinct and independent larcenies, and not parts of one transaction; that it so appeared in the Municipal Court; and that they were committed in different parts of Boston.

The defendant then renewed the motion to dismiss, for want of jurisdiction in the Superior Court upon the appeal, on the grounds set forth in the motion; and because the record from the Municipal Court did not set forth any legal trial and disposition of the case in said court. The judge declined to entertain the motion at this stage.

The jury returned a verdict of guilty on the second count, of larceny of the bag described therein, and of not guilty on the remaining counts; and the defendant alleged exceptions.

*C. H. Hudson & P. J. Casey*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

W. ALLEN, J. The conviction in the Municipal Court appears upon the record to have been regular. When a complaint contains several counts, whether for the same or for different similar offences, the plea, conviction, and sentence may be

general, upon the complaint as a whole, and not upon each count separately. *Carlton* v. *Commonwealth*, 5 Met. 532. *Commonwealth* v. *Foster*, 122 Mass. 317. *Kite* v. *Commonwealth*, 11 Met. 581. In such case, the form of plea, conviction, and sentence is the same when the different counts are for the same offence, as when they are for several offences; and the complaint itself may not indicate whether the counts refer to different transactions, or are different modes of charging the same act. The record of the Municipal Court shows that the defendant pleaded to the whole complaint, and was convicted of the whole; and it is immaterial, upon the motion to dismiss, whether the different counts were intended to charge the same or different offences.

Even if the defendant could make it appear that she had been convicted of but one of four different offences charged in the complaint, it would seem that she could be tried, upon appeal, for the offence of which she had been convicted. *Commonwealth* v. *Holmes*, 119 Mass. 195.                    *Exceptions overruled.*