COMMONWEALTH *vs.* MARY WHALEN.

Berkshire.   September 11, 1888. — September 27, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Error in District Court —*
*Jurisdiction of Superior Court on Appeal — Evidence.*

Error in the proceedings upon a complaint in a District Court is no ground for dismissing the complaint on appeal.

At the trial, on appeal, of a complaint for keeping and maintaining a common nuisance, to wit, a certain tenement used for the illegal sale and keeping for sale of intoxicating liquors, an officer testified that during the time alleged he seized on the defendant's premises upon a search-warrant a cask of liquor, and on cross-examination stated, without objection, that it was returned by order of the court, the record of which was not introduced. The presiding judge recalled the jury, after they had left their seats at the close of the charge, and directed them to disregard the fact of such return, because the record was not in evidence, but did not allude to the seizure. *Held*, that the direction was erroneous.

COMPLAINT to the District Court of Northern Berkshire against the defendant and Thomas Whalen, for keeping and maintaining a common nuisance, to wit, a certain tenement in North Adams used for the illegal sale and keeping for sale of intoxicating liquors from October 13, 1887, to March 6, 1888.

In the Superior Court, on appeal, the defendant seasonably filed a plea in abatement, and a motion to dismiss the complaint, both reciting, in substance, that the Superior Court had no jurisdiction, because the defendant was improperly tried in the District Court, and that its judgment and the sentence rendered thereon were illegal and void. At the hearing on the plea in abatement, it appeared in evidence, or was admitted, that on March 19, 1888, the case came on for trial against the defendant and Thomas Whalen, who was her husband, in the absence

of the defendant, who claimed to be sick; that she never re-, quested that she might be tried in her absence; and that her counsel, who was also counsel for Thomas Whalen, never consented or agreed that her trial should proceed in her absence; that her absence from the court-room was not discovered until the case had been fully tried; that Thomas Whalen was discharged, and the case as against the defendant was continued until the next day; that on March 20, 1888, the defendant was arrested and brought before the District Court upon a warrant issued upon a complaint for the unlawful keeping of intoxicating liquors; that thereupon a *nolle prosequi* was entered as to that complaint; and that immediately thereafter she was adjudged guilty, and sentenced to fine and imprisonment. *Hammond*, J., overruled both the motion to dismiss and the plea in abatement.

At the trial, the government was permitted to introduce, against the objection of the defendant, certain evidence which is not now material.

The complainant testified that, as an officer within the period named in the complaint, he went to the house where the defendant and her husband lived, with a search-warrant, for the purpose of searching the premises and seizing any intoxicating liquors unlawfully kept there; that he found in a coal shed in the rear of the house, the key of which was found in the defendant's possession, a box containing a cask or keg of liquor, which was full and had never been opened; and that he seized this keg by virtue of the warrant and took it away. Upon cross-examination he testified that it was returned by order of court, no record of which was introduced; and that he did not return it, but caused it to be sent back. At the close of the charge to the jury, and after the jury had left their seats and had started to go to their room, the judge called them back, and instructed them that they should disregard the fact that the keg or cask of liquor seized was returned; that, if it was returned by order of court, the record of the court was the proper evidence of the same; and that, there being no record of the court in evidence, and the reasons for the order not appearing in evidence, the jury should disregard the fact that the liquor seized was returned. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. M. Wood & M. E. Couch*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

Devens, J. Assuming in favor of the defendant's contention, that Mary Whalen could not properly have been found guilty of the offence charged against her, and sentenced therefor, without other and further hearing than that which she received from the District Court, this irregularity could not operate to deprive the appellate court of its jurisdiction, or afford ground for sustaining the defendant's plea in abatement, or motion to dismiss. The District Court had jurisdiction of the subject matter of the complaint, and of the person of the defendant, even if the defendant was also brought before it upon a warrant issued upon another complaint, which was not further prosecuted. It had a right to inquire into the facts, to apply the law, and to impose the proper sentence. If its judgment was erroneous, an appeal could be taken for the purpose of avoiding the effect of it. Such appeal in the case at bar vacated the judgment of the District Court, rendered immaterial all errors and irregularities in the proceedings there, and gave the defendant her full rights in the court above, as the whole case was thus opened there as to the law, the facts, and the judgment. *Commonwealth* v. *O'Neil*, 6 Gray, 343. *Commonwealth* v. *Tinkham*, 14 Gray, 12. *Commonwealth* v. *McCormack*, 7 Allen, 532. *Commonwealth* v. *Calhane*, 108 Mass. 431. *Commonwealth* v. *Sheehan*, 108 Mass. 432, note. *Commonwealth* v. *Harvey*, 111 Mass. 420. *Commonwealth* v. *Holmes*, 119 Mass. 195. *Commonwealth* v. *Fredericks*, 119 Mass. 199.

In *Commonwealth* v. *Tinkham*, *ubi supra*, it was held that, assuming that the plea of the defendant did not authorize the sentence passed by the magistrate, no reason was shown for discharging the defendant, or dismissing the case brought by him to the Court of Common Pleas by appeal, but that it was the duty of that court to try the case upon the appeal under a proper plea. The Superior Court had therefore jurisdiction to try the case at bar on the appeal.

We do not discuss the several exceptions to the admission of evidence taken by the defendant, as upon a single ground we are of opinion that there should be a new trial; and the evidence then presented may render such discussion superfluous.

The complainant testified that he was an officer within the

period named in the complaint, that he went to the premises of the defendant and her husband, described the finding of a cask of liquor there, and the place where and the circumstances under which it was found. He further added, that he seized this cask and took it away. On cross-examination, he testified, without objection, that it was returned by order of the court, he himself causing it to be sent back. No record was introduced as to this matter. At the close of the charge, and after the jury had left their seats, the presiding judge recalled them, and directed them " to disregard the fact that the keg or cask of liquor had been returned; that, if it was returned by order of the court, the record was the proper evidence of the same, and there being no record of the court in evidence, and the reasons for the order not appearing in evidence, that the jury should disregard the fact that the liquor seized was returned." To this the defendant duly excepted, and we think the direction was erroneous.

The officer had not been limited to the mere statement of the circumstances under which he had found liquor on the defendant's premises. He had been permitted to testify, without objection by the defendant, and apparently without producing any search-warrant, that he had seized and taken it away on his warrant. He had thus placed it in legal custody. When he further testified, without objection by the government, and when the court had received the evidence, that it was returned by order of court, the presiding justice could not properly, after the close of the charge, instruct the jury to disregard the fact. It is true, that the order of the District Court could properly only have been proved by the production of a properly attested copy of the record. The evidence might, therefore, have been refused when offered. But when no objection on that account had been made, and when the evidence had been received, it should not have been rejected, after the evidence, and indeed the whole case, had been completely closed. It may well have been that the defendant, by the acceptance of the parol evidence of what the record contained, had deemed it unnecessary to put in a properly attested copy. Even if the evidence as presented by him failed to show the reasons why the District Court had ordered a return, this went to its weight rather than to its competency, and the record itself, if produced, might not have disclosed them.

If, independently of or in addition to the facts and circumstances under which a cask of liquor had been found on the defendant's premises, it was competent to show, as against the defendant, that the cask had been actually seized on a search-warrant, — which may be doubted, as the seizure is not an act of the defendant, nor is he bound by the judgment of the officer who makes it, — it was also competent on the part of the defendant to diminish its force by showing that it had been returned to him by order of the court. If the learned judge had ordered both the evidence of the seizure and the return to be struck out, and left this part of the case to be considered by the jury only on the facts and circumstances, testified to by the officer, which attended his discovery of the cask of liquor on the defendant's premises, the defendant would perhaps have had no ground of exception. But when the evidence that the liquor was seized on a search-warrant was permitted to remain, unless proper evidence that it was returned is competent, injustice would be done to the defendant.

For these reasons, the evidence as originally given on this point was proper to be considered by the jury.

*Exceptions sustained.*