COMMONWEALTH *vs.* HENRY H. OAKES & others.

Middlesex. March 31, 1890. — May 8, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Appeal — Copy of Record — Arrest of Judgment.*

If the record of proceedings in a district court, on a complaint within its jurisdiction against several defendants, fails to disclose that they severally pleaded or were found severally guilty, the jurisdiction of the Superior Court on appeal is not thereby affected.

The failure to transmit to the Superior Court, on an appeal, a copy of a complaint other than that set forth in the copy of the judgment, even if required, does not affect the jurisdiction of that court, and furnishes no ground for an arrest of judgment.

COMPLAINT to the Second District Court of Eastern Middlesex against Henry H. Oakes, Thomas Keane, and Fred C. Newton, for unlawfully exposing and keeping for sale intoxicating liquors. The copy of the record of the conviction of the defendants in the district court transmitted on appeal to the Superior Court contained the only copy of the complaint sent to the Superior Court, and recited, " Which complaint is read to the said defendants in open court, and they are asked by the court whether they are guilty or not guilty of the offence therein charged, and said Oakes, Keane, and Newton plead and say that they are not guilty. And now, after a full hearing and examination in said case, it appears to said court that said Oakes, Keane, and Newton are guilty of said offence. It is therefore considered and ordered by said court, that, for the offence aforesaid, the said ʻOakes, Keane, and Newton each pay a fine " and costs. " From which sentence the said Oakes, Keane, and Newton appeal to the Superior Court, · · · and each recognizes with sufficient sureties . . . to there prosecute their appeal."

A copy of the recognizance entered into by the defendants accompanied the copy of the record, and recited that the defendants acknowledged themselves " to be jointly and severally indebted to the Commonwealth of Massachusetts in the sums

following, to wit: the said Oakes, Keane, and Newton as principals in the sum of four hundred dollars each, and the said Harvey as surety in the sum of four hundred dollars."

In the Superior Court, after a verdict of guilty against each defendant, and before judgment, the defendants moved that judgment be arrested for the following reasons: " 1. Because the record of said case does not show that in the trial before the Second District Court of Eastern Middlesex the defendants severally pleaded to said complaint, or were severally found guilty, or severally appealed, or severally recognized with sureties for their appearance at this court to prosecute their appeal. 2. Because it appears that the only copy of the complaint sent to this court on appeal is the copy thereof set forth in the copy of the conviction, which is not a compliance with the statute, inasmuch as it requires the jury to have before them, and they did have in this case, record evidence of the conviction of the defendants in the lower court, and the precise sentences imposed by said court." The motion was overruled; and the defendants appealed to this court.

*H. N. Allin & G. L. Mayberry*, for the defendants.

*A. J. Waterman*, Attorney General, & *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

HOLMES, J. The defendants were severally found guilty in the Superior Court. If the record of the proceedings in the district court failed to disclose that the defendants severally pleaded, or were severally found guilty, then the jurisdiction of the appellate court would not be affected. The district court had jurisdiction, and any irregularity in its proceedings was rendered immaterial by the appeal which vacated the judgment of that court. *Commonwealth* v. *O'Neil,* 6 Gray, 343, 345. *Commonwealth* v. *Tinkham,* 14 Gray, 12. *Commonwealth* v. *Holmes,* 119 Mass. 195, 199.

If we are to assume that the only copy of the complaint was that set forth in the copy of the conviction, and that this copy was given to the jury, the failure to send up a separate copy of the complaint would not affect the jurisdiction of the Superior Court and therefore could not be made the foundation of a motion in arrest of judgment. Pub. Sts. c. 214, § 27. *Commonwealth* v. *Intoxicating Liquors,* 97 Mass. 600. We express no

opinion whether the Pub. Sts. c. 155, § 60, require a separate copy of the complaint to be transmitted. There is no doubt that the established practice of sending one is proper, and should be adhered to. See *Commonwealth* v. *Oakes, ante,* 59.

*Motion overruled.*