(21 Misc. Rep. 66.)

### MILLER v. FISS et al.

(Supreme Court, Appellate Term. July 29, 1897.)

1. APPEAL—OBJECTIONS FIRST RAISED.
　　The propriety of the amendment of a pleading cannot be questioned for the first time on appeal.
2. SAME—RIGHT OF APPEAL.—INTEREST.
　　The fact that leave was granted plaintiff to discontinue without costs furnishes defendants no ground for appeal where there were no costs that they could have recovered.

Appeal from Third district court.

Action by William Miller against William Fiss and others. Application by plaintiff for discontinuance without costs having been granted, defendants appeal. Dismissed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

La Fetra & Glaze, for appellants.

Kantrowitz & Esberg, for respondent.

McADAM, J. It appearing on the day to which the cause had been adjourned that the defendants were not partners, as the plaintiff supposed they were, but officers of a corporation known as the Fiss, Doerr & Carroll Horse Company, and that such corporation should properly have been made defendant, the plaintiff moved and was allowed to reduce the recovery demanded in the summons from $100 to $49. No objection to the amendment was made in the court below, and the defendants apparently acquiesced in it. The question whether the power was judiciously exercised cannot be raised for the first time on appeal. The plaintiff thereafter moved for leave to discontinue the action without costs. The application, although opposed, was granted. The defendants excepted to the ruling, and took the present appeal therefrom.

As the amendment placed the plaintiff's demand at $49, the only costs possibly recoverable by the defendants were disbursements. Consolidation Act, § 1416, subd. 9. The pleadings were unverified, and the defendants had no witnesses at any time present in court;

so that it is in no wise apparent, or even inferable, that the defendants were put to the loss of any disbursements by the discontinuance allowed. Having suffered no legal injury by the order complained of, the defendants cannot claim to have been aggrieved thereby, and have, therefore, no right of appeal herein. 2 Enc. Pl. & Prac. 170; Hyatt v. Dusenbury (N. Y. App.) 12 N. E. 711; Hall v. Brooks, 89 N. Y. 33. This makes it unnecessary to go further, and decide the question raised at the argument whether such an order is in any case appealable. See Manufacturing Co. v. Krause, 1 Hilt. 560. It is sufficient at present to decide that no appeal will lie in this instance. See Nellis v. Turner, 4 Denio, 553; Haulenbeck v. Gillies, 7 Abb. Prac. 421. Courts should not depart from the controlling point on an appeal to decide abstract questions, from the determination of which no practical results can follow in the case at hand. People v. Common Council, 82 N. Y. 575.

The appeal must be dismissed, but without costs. All concur.