COMMONWEALTH *vs.* RANDY POPE. November 24, 1976. Assuming, without deciding, that it was improper for the District Court judge to allow the prosecutor's motion to amend the complaint at the close of the evidence, the error was rendered immaterial by the appeal from the District Court judgment to the Superior Court. *Commonwealth* v. *Calhane,* 108 Mass. 431, 432 (1871). *Commonwealth* v. *Sheehan,* 108 Mass. 432, note (1871). *Commonwealth* v. *Harvey,* 111 Mass. 420, 421 (1873). *Commonwealth* v. *Holmes,* 119 Mass. 195, 199 (1875). *Commonwealth* v. *Fredericks,* 119 Mass. 199, 205 (1875). *Commonwealth* v. *Burke,* 121 Mass. 39, 40 (1876). *Commonwealth* v. *Whalen,* 147 Mass. 376, 378 (1888). *Commonwealth* v. *Oakes,* 151 Mass. 394, 395 (1890). See *Commonwealth* v. *Dunham,* 22 Pick. 11, 12 (1839); *Mann* v. *Commonwealth,* 359 Mass. 661, 666 (1971). Those cases are still good law. *Enbinder* v. *Commonwealth,* 368 Mass. 214, 218 (1975). They control this case. Contrast *Whitmarsh* v. *Commonwealth,* 366 Mass. 212, 215-216 (1974), app. dism. 421 U. S. 957 (1975). The defendant's remaining assignments of error, not having been argued, are not considered.

*Judgment affirmed.*

*Robert S. Potters* for the defendant.
*Joseph E. Coffey,* Assistant District Attorney, for the Commonwealth.